Henry HAYES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13880.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 9, 1957.

Decided Oct. 31, 1957.

Mr. Nad A. Peterson, Washington, D. C., with whom Mr. Robert B. Yorty, Washington, D. C. (both appointed by this Court) was on the brief, for appellant.

Mr. E. Tillman Stirling, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

At a jury trial appellant was convicted of two violations of the Federal Narcotic Laws.[1] The violations occurred in August 1956. A few weeks earlier, on July 18, 1956, Congress had increased the penalties for second offenders of these laws.[2] Appellant was a second offender but due to inadvertence was given a general sentence on March 8, 1957, under the old statute, for 30 to 90 months imprisonment, with a suspended fine of $100.00. No appeal was noted.

On May 8, 1957, on motion of the United States, the sentence was changed

1. 68A Stat. 550 (1954), as amended 26 U.S.C. § 4704, and 35 Stat. 614 (1909), as amended 21 U.S.C. § 174 (Supp. IV, 1957), 21 U.S.C.A. § 174.

2. 70 Stat. 568 (1956), 26 U.S.C. § 7237 (a) (Supp. IV, 1957); 70 Stat. 570 (1956), 21 U.S.C. § 174 (Supp. IV, 1957), 21 U.S.C.A. § 174.

by an order amending the March 8 Judgment and Commitment so as to strike the sentence therein set forth and to substitute a sentence of 10 years imprisonment on one count, to run concurrently with a 5 year sentence on another. These were minimum sentences under the July amendment for second offenders.[3] A timely Notice of Appeal was then filed containing the language set forth in the margin, the italicized words being part of a printed form.[4]

The United States contends that the Notice of Appeal does not reach the conviction itself, and, therefore, that insofar as there is an attempt to appeal from an order denying a pretrial motion to suppress evidence the attempt must fail. Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442, holds that the denial of a motion to suppress is not appealable independently, though a question of error in such denial may be considered on appeal from the judgment of conviction. Since, however, the Notice of Appeal is directed to "the order of MAY 8, 1957 amending the order of March 8, 1957," it may be suggested that the appeal reaches the judgment of conviction of March 8, 1957, on the ground that the latter is brought forward as part of the amending order of May 8, 1957, which clearly is within the Notice of Appeal. But in the end such a construction of the scope of the appeal would not help appellant, for we find no error in the denial of the motion to suppress. Defendant supplied no evidence to support the bare motion filed by his attorney.

There is no question as to the validity and timeliness of the appeal from the

order of May 8, 1957. The question is whether the District Court, Judge Keech sitting, following procedure the appropriateness of which is not in dispute, could augment the March 8 sentence without offending the Fifth Amendment provision against placing a person twice in jeopardy for the same offense.

■ It seems clear that if the March 8 sentence were valid it could not be augmented once defendant had begun to serve it. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354; Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L. Ed. 872; United States v. Rosenstreich, 2 Cir., 204 F.2d 321; Rowley v. Welch, 72 App.D.C. 351, 114 F.2d 499. It also seems clear that, if the sentence were invalid and defendant successfully attacked it, he could be validly resentenced though the resentence increased the punishment. The defendant in such case is held to have waived his protection against double jeopardy. Murphy v. Commonwealth of Massachusetts, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711; Robinson v. United States, 6 Cir., 144 F. 2d 392, 397, affirmed 324 U.S. 282, 65 S. Ct. 666, 89 L.Ed. 944; King v. United States, 69 App.D.C. 10, 13, 98 F.2d 291, 295; Hammers v. United States, 5 Cir., 279 F. 265; Bryant v. United States, 8 Cir., 214 F. 51. Contra, In re Johnson, C.C.D.Mass., 46 F. 477. This has been held even where the defendant has appealed on other grounds and the prosecution has then raised the issue of error in the sentence. Barrow v. United States, 54 App.D.C. 128, 295 F. 949.

We are persuaded also that a sentence which does not conform with the appli-

---

3. It appears that the sentence imposed on March 8, 1957, was also less than required for second offenders even prior to the amendment of July 18, 1956. See 26 U.S.C. § 7237(a) (Supp. III, 1956); 21 U.S.C. § 174 (1952), 21 U.S.C.A. § 174.

4. *Offense* Vio. Title 26 U.S.Code, Sec. 4704(a), 4705(a) & 21 U.S.Code, 174.
   *Concise statement of judgment or order, giving date, and any sentence* Denial of Motion to quash the indictment

and to suppress the evidence; Granting the Government's motion to vacate the sentence; and from the order of MAY 8, 1957 amending the order of March 8, 1957.
   *Name of institution where now confined, if not on bail*
   District of Columbia Jail
   I, *the above-named appellant, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the above-stated judgment.*
   *       *       *       *       *

cable statute may be corrected though defendant has not appealed from the judgment embodying the invalid sentence, has begun to serve it, and steps to correct it are not initiated by him but by the Government. This is such a case. Bozza v. United States, 330 U.S. 160, 166–167, 67 S.Ct. 645, 91 L.Ed. 818, affirming United States v. Bozza, 3 Cir., 155 F.2d 592.[5] The original sentence in Bozza was said to be an "invalid punishment" in that it was for imprisonment alone and omitted any fine, though a fine also was required by the statute. It is true that only five hours elapsed before the correction was made and that in the interim defendant, though in a federal place of detention, had not yet been taken to a penitentiary; but this appears not to have been the basis for the ruling that double jeopardy did not attach. The Court said the error in the sentence was inadvertent, as was the error in the present case, and that, if the error could not be corrected in the manner there used, no valid sentence could be imposed at all, with the result that a prisoner whose guilt was established by regular verdict would escape punishment altogether. The Court continued:

> The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App. D.C. 10, 15, 98 F.2d 291, 296. In

this case the court 'only set aside what it had no authority to do, and substitute[d] directions required by the law to be done upon the conviction of the offender.' In re Bonner, supra, [151 U.S. 242] at page 260, 14 S.Ct. [323] at page 327, 38 L.Ed. 149. It did not twice put petitioner in jeopardy for the same offense.[6]

In a footnote at this point the Court referred to Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872, where an augmentation of sentence was not permitted. The Court pointed out, however, that in Lange the original sentence, a fine, had been valid and had been satisfied before the addition to the sentence of a discretionary prison term as well. The Supreme Court then commented:

> But here the petitioner had not suffered any lawful punishment until the court had announced the full mandatory sentence of imprisonment *and* fine.

We think we must apply the Bozza ruling to the present case. The Act of July 18, 1956, specified the applicable penalty; none other could be validly imposed.[7] True it is that defendant had begun to serve time; but as we read Bozza this time was not lawful punishment the augmentation of which, to make the sentence equal to the statutory penalty, constituted double jeopardy. We assume that to avoid double jeopardy the

---

5. We do not rely upon Kennedy v. Reid, 101 U.S.App.D.C. 400, 249 F.2d 492, because there each of the sentences was unquestionably valid. The dispute was as to which should govern.

6. 330 U.S. at page 166–167, 67 S.Ct. at page 649.

7. The fact that defendant was a second offender was before the court and was commented upon by the judge at the time of sentencing on March 8, clearly indicating that the use of the wrong penalty statute was inadvertent.

In United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 250, 98 L.Ed. 248, it is said of Rule 35, Fed.R.Crim. P., 18 U.S.C.:

> Sentences subject to correction under that rule are those that the judgment of conviction did not authorize,

citing United States v. Bradford, 2 Cir., 194 F.2d 197, 201. See, also, Tinder v. United States, 345 U.S. 565, 73 S.Ct. 911, 97 L.Ed. 1250; McIntosh v. Pescor, 6 Cir., 175 F.2d 95. A motion under Rule 35 to correct an illegal sentence can be made regardless of whether execution has begun. See Holloway v. United States, 89 U.S.App.D.C. 332, 335, 191 F. 2d 504, 507. In Cook v. United States, 1 Cir., 171 F.2d 567, 569, it is suggested that Rule 35, Fed.R.Crim.P. is available to the Government in the first instance to obtain the correction of a sentence invalid because below the statutory minimum.

resentence must be made effective as of the date of the original sentence; that is, that the defendant is not required to serve again the time he has been imprisoned by reason of the invalid sentence.

Affirmed.