Arnold L. CAMPBELL, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 14309–14311.

United States Court of Appeals
District of Columbia Circuit.

Argued May 28, 1958.

Decided June 26, 1958.

Mr. James M. Earnest, Washington, D. C. (appointed by this court) for appellant.

Mr. Harry T. Alexander, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher and Thomas A. Flannery, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and FAHY and BURGER, Circuit Judges.

PER CURIAM.

These are appeals from the denial without a hearing of a motion which had been filed in the District Court under 28 U.S.C. § 2255 (1952). The motion attacked the validity of certain sentences which had been imposed upon appellant, as now explained. He had been indicted in case No. 804–54 on two counts for robbery, in violation of section 22–2901, D.C.Code (1951),[1] in case No. 805–54 on four counts for robbery in violation of the same statute, and in case No. 806–54 for attempted robbery in violation of section 22–2902, D.C.Code (1951),[2] on one count. He entered pleas of guilty and was sentenced on the first indictment from two to six years, on each of the four counts of the second indictment from one to three years, these sentences to take effect consecutively with one another and consecutively also with the sentence on the first indictment, and on

1. 31 Stat. 1322 (1901).

2. Ibid.

the third indictment from one to three years, concurrently with the sentences already referred to.

■ His *motion is to the effect, inter alia,* that he actually pleaded to only one count in each of the three indictments. An examination of the transcript of the proceedings at the time he entered his pleas convinces us that he is correct in this respect. The result is that the sentence on the last indictment of one count (No. 806–54) should not be disturbed; the sentence on the second indictment (No. 805–54) should be set aside except as to one sentence from one to three years; and, as to the first indictment (No. 804–54), the District Court may resentence appellant if it so desires since the present sentence under that indictment of two to six years is a general sentence covering two counts, and might have been less if imposed with respect to only one count.[3]

It is so ordered.

BURGER, Circuit Judge (dissenting).

It seems to me this court is by indirection taking over the function of the trial judge in revising this sentence based entirely on an interpretation of the record most favorable to appellant and without hearing from the prosecution or the trial judge. Without benefit of reconsideration of these sentences by the trial judge, we cannot make a sound determination and for that reason I would remand the case to the District Court for resentencing on all counts.

It is undisputed that the District Court could have sentenced appellant for a substantially greater term than 6 to 18 years by making all sentences consecutive; since the offenses were directed against seven different victims on three different occasions, this would have been justified. This court now *reduces* the 6 to 18 year sentences of appellant to 4 to 12 years. The confusing record calls for re-sentencing by the trial judge, who is

surely in a better position to re-construct and re-evaluate the situation than are we. He may have notes or even independent recollection of the event on which he can properly rely.

The law vests in the District Court exclusive power over sentences and there is no warrant for us to interfere with that function, directly or indirectly.

---

**3.** The sentence in No. 804–54 may not be increased, since it was valid and has been partially served. *Ex parte Lange,* ■

18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872; Hayes v. United States, 102 U.S.App. D.C. 1, 249 F.2d 516.