

defendant to manufacture Muth's 'Brake-Saver' without fear of litigation from Muth, without having to litigate the question as to whether the device manufactured was under the patent, is, in the court's opinion, consideration to support the payment of royalties." [151 F.Supp. 190.]

Defendant throughout its brief suggests that it might be contrary to public policy to make it pay a royalty where others would make the same device without such payment. However, it is not definitely known whether another would make the device without running the risk of an infringement suit. The question apparently concerned defendant also and it led to the agreement in question. The defendant chose to buy immunity from lawsuits, justified or otherwise, at a certain price. It got just what it paid for. To allow defendant to renege on its agreement simply because it may now feel that it was overcautious would certainly be more incompatible with public policy.

The judgment is Affirmed.

Horacio Reyes, in pro. per.

Arthur L. Luethcke, Asst. U. S. Atty., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

**Horacio REYES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17517.**

United States Court of Appeals Fifth Circuit.

Jan. 29, 1959.

PER CURIAM.

This is an appeal from an order denying relief, without a hearing, on appellant's motion to set aside a judgment sentencing him to a period of ten years in custody of the Attorney General.

Appellant's complaint is strictly one of law and not of facts, and we hold that the trial court did not err in denying relief on the ground that the files and records showed conclusively that appellant was entitled to no relief.

Upon conviction of a narcotics violation as to which a minimum sentence of five years must be given for a first offender, the appellant admitted to a prior conviction, thus making mandatory a ten year sentence. The trial court sentenced him to seven years. Three days later, upon learning that such sentence was less than the minimum provided by

law, the trial court had appellant brought into court and corrected the sentence to ten years. It is from this order correcting sentence that appellant appeals.

As we have recently pointed out in Enzor v. United States, 5 Cir., 262 F.2d 172, the trial court has this power. Rule 35, F.R.Crim.P., 18 U.S.C.A. Rule 35, provides: "The court may correct an illegal sentence at any time." Such correction does not violate the constitutional rights of a convicted person. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818.

The judgment is affirmed.

**James H. GRANGER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17505.**

United States Court of Appeals Fifth Circuit.

Jan. 20, 1959.

James H. Granger, in pro. per.

Arthur L. Luethcke, K. Key Hoffman, Asst. U. S. Attys., San Antonio, Tex., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

The files and records in this Section 2255 case conclusively show that appellant is entitled to no relief prayed for in his petition to the trial court. The record shows that the trial court carefully cautioned appellant, not once but several times, on the number of counts against him; not once but several times, of the maximum punishment permissible under each count, and told him, not once but several times, of his right to counsel. The court had the prosecuting attorney read every one of the counts and required a separate plea to each. All to which appellant pleaded not guilty were subsequently dismissed. The court expressly asked whether appellant pleaded guilty because he knew he was guilty of the offense and not because of any other consideration and appellant at several different stages of the arraignment professed his full and complete guilt. He demurred only to the fact that he was required to "take the rap" whereas others were also claimed to be guilty. Other matters complained of