UNITED STATES of America,
Petitioner,

v.

LOCAL 804, INTERNATIONAL BROTH-
ERHOOD OF TEAMSTERS, CHAUF-
FEURS, WAREHOUSEMEN AND
HELPERS OF AMERICA et al., De-
fendants.

70 Cr. 853.

United States District Court,
S. D. New York.

June 28, 1971.

Whitney N. Seymour, Jr., U. S. Atty.,
S.D.N.Y., by Walter Phillips, Asst. U. S.
Atty., for petitioner.

Cohen & Weiss, by Bruce Simon, New
York City, for defendants.

## MEMORANDUM

TYLER, District Judge.

Having found defendants guilty of criminal contempt on June 15, 1971, the court immediately imposed sentences of 10 days in prison and $500 upon the individual defendants and $500 upon the union. Shortly thereafter, the Assistant United States Attorney, acting for both sides, brought to my attention that the two-legged sentence, imposed upon the individual defendants, violated the letter of the applicable statute, 18 U.S.C. § 401, which permits punishment either by fine *or* imprisonment. The sentence is therefore illegal and subject to correction under Fed.R.Crim.P. 35. United States v. De Simone, 267 F.2d 741 (2d Cir.) vacated as moot 361 U.S. 125, 80 S.Ct. 253, 4 L.Ed.2d 167 (1959).

Although normally the court's power to correct the sentence would permit vacating either leg of the sentence, see United States v. De Simone, *supra*, that power is abrogated by the fact that defendants have paid the fines in full. In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500 (1943). The cases relied on by the government for the proposition that an illegal sentence is totally void, permitting the court to resentence as if *ab initio*, involved failure to impose the statutorily mandated minimum and are inapposite. Mathes v. United States, 254 F.2d 938, 939 (9th Cir. 1958), United States v. Bozza, 155 F.2d 592, 595, 596 (3d Cir. 1946), affirmed 330 U.S. 160, 165–167, 67 S.Ct. 645, 91 L.Ed. 818 (1947). Where, as here, a sentence is illegal because excessive, only the excess portion is void. Once service

has begun or satisfaction of a lawful portion has been accomplished, the court has no power to revise the sentence within otherwise legal limits to effectuate its original intention. In re Bradley, *supra*, Duggins v. United States, 240 F.2d 479, 481, 482 (6th Cir. 1957), Miller v. United States, 147 F.2d 372, 374 (2d Cir. 1945) 8 Moore's Federal Practice—Cipes, Criminal Rules § 35.03[2].

 Accordingly, those portions of the judgments of conviction which imposed sentences of confinement upon the individual defendants must be and hereby are vacated.

It is so ordered.