**UNITED STATES of America**

**v.**

**Milton THOMAS, Defendant.**

**No. 71–CR–827.**

United States District Court,
E. D. New York.

Sept. 26, 1972.

Robert A. Morse, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., by Raymond Dearie, Asst. U. S. Atty., of counsel, for plaintiff.

Dennis E. Curtis, Supervising Atty., Legal Services Organization, New Haven, Conn., and David Altschul, law student intern., Yale Danbury Project, for defendant.

## MEMORANDUM AND ORDER

JUDD, District Judge.

Defendant has moved to correct a sentence imposed upon him for a narcotic violation as illegal. F.R.Cr.P. 35.

After a plea of guilty to distribution of heroin in violation of 21 U.S.C. § 841 (a)(1), defendant was sentenced on November 19, 1971 to five years imprisonment subject to the early parole eligibility as provided in 18 U.S.C. § 4208 (a)(2). He subsequently moved for the reduction of sentence for the purpose of carving the statutory minimum special parole term of three years out of his five-year period of imprisonment. This

court by Memorandum and Order dated March 29, 1972 denied the motion for reduction, confessed that the necessary addition of a special parole term had not been in its mind at the time of sentence, and fixed the special parole term at the minimum of three years as specified in 21 U.S.C. § 841(b)(1)(A).

Defendant now asserts that the addition of the special parole term is an unconstitutional increase in his sentence. He argues that the maximum period of custody must be the five years specified in the original sentence, and therefore that his sentence must be changed to two years imprisonment subject to Section 4208(a)(2) and three years parole. As the court stated in its Memorandum of March 29, 1972, a five-year prison term for the sale of more than an ounce of heroin by a non-addict was a lenient sentence.

It has recently been held that the substitution of a valid for an invalid sentence is permissible even if the second sentence is more severe. Cox v. Kansas, 456 F.2d 1279 (10th Cir. 1972). This case is different from United States v. Local 804, 328 F.Supp. 1359 (S.D. N.Y.1971), which defendant cites. There the court was restricted to alternative punishments, either fine or imprisonment, and it was held that the court could not impose any imprisonment after a fine had been imposed and paid. Here the situation is the opposite, in that the statute mandates two punishments, (1) a prison sentence and/or fine and (2) a special parole term.

This case is governed by Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947), where the court held that a fine could be added to the original prison sentence for the operation of a still, since the statute required both imprisonment and a fine and the original sentence omitted the fine. The court held that there was no double jeopardy because:

The sentence as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense.

330 U.S. at 167, 67 S.Ct. at 649. See also Reyes v. United States, 262 F.2d 801 (5th Cir. 1959), which applied the rule that an illegal sentence can be corrected at any time even though it results in a longer imprisonment; and Mathes v. United States, 254 F.2d 938 (9th Cir. 1958), permitting a longer sentence in a narcotic case where the original sentence was below the statutory minimum.

The Supreme Court held in Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923), that a court can revoke parole and require service of the remainder of the sentence without any allowance for the time that defendant is out on parole. This ruling does not advance defendant's argument, since it does not relate to a statute which mandates a separate special parole term.

The Drug Abuse Prevention and Control Act specifies (21 U.S.C. § 841(c)):

A special parole term provided for in this section or section 845 of this title shall be in addition to, and not in lieu of, any other parole provided by law.

The House Report on the statute pointed out that the bill accomplished "elimination of almost all mandatory minimum sentences, as well as elimination of the prohibition against the probation and parole of narcotic offenders." 1970 U.S. Code, Congr. & Adm.News, 91st Cong. 2d Sess., p. 4585. Thus Congress contemplated two periods of parole in every sentence, one as part of the basic sentence, and one in the form of a "special parole term." Treating the special parole term as a substitute for part of the original sentence of imprisonment would be contrary to the purpose shown by the statute.

Since the special parole term is a mandatory addition to the regular term of imprisonment, the sentence to a special parole term which was inadvertently omitted does not constitute an illegal increase in the sentence.

It is ordered that the motion for correction of sentence be denied.