**Robert James GARCIA, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**Nos. 73–1575, 73–1576.**

United States Court of Appeals, Tenth Circuit.

Feb. 27, 1974.

Rehearing Denied March 21, 1974.

---

Jack L. Love, Federal Public Defender, Albuquerque, N. M., for petitioner-appellant.

William R. Hughes, Jr., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., and W. R. Hughes, Jr., Asst. U. S. Atty., Albuquerque, N. M. on the brief), for respondent-appellee.

Before LEWIS, Chief Judge, and JONES* and McWILLIAMS, Circuit Judges.

JONES, Circuit Judge:

The appellant, Robert James Garcia, and three others were charged with the unlawful importation and possession of marihuana. After his arrest Garcia was released on bond. He failed to appear for arraignment. He was indicted for possession with intent to distribute marihuana in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2. By a separate indictment he was charged with jumping bail in violation of 18 U.S.C.A. § 3150. Garcia entered a plea of guilty to each of the indictments. He was sentenced to five years imprisonment on the marihuana charge and was given a like sentence for the bail jumping offense. The bail jumping sentence was to run consecutively with the marihuana term. The sentencing judge inadvertently omitted to impose, as a part of the marihuana sentence, the special parole term required by 21 U.S.C.A. §

---

* Of the Fifth Circuit, sitting by designation.

841(b)(1)(B). On September 14, 1972 the court amended its sentence by adding a three year special parole term. On September 18, 1972, the court made a further amendment by which the special parole term was reduced from three years to two years. At the hearing on September 14, 1972, Garcia moved for leave to withdraw his plea of guilty to the marihuana offense. The motion was denied. Garcia said he wanted to appeal. The court told him to discuss it with his lawyer. No appeal was taken from either the original or subsequent sentence, or from the order denying the motion to withdraw the guilty plea.

Three months after the amended sentence was imposed, Garcia filed a motion under 28 U.S.C.A. § 2255. By the motion Garcia attempts to attack the sentence for the marihuana offense.

In his Section 2255 motion Garcia asserted that the sentence could not be amended by the imposition of an additional sanction because he had started serving the original sentence. The district court apparently agreed with this contention and entered an order setting aside the provision for special parole. All other relief claimed by Garcia was denied. The court's order was entered on March 7, 1973. On March 21, 1973 Garcia, invoking Rule 60(b), Fed.Rules Civ.Proc., and Rule 35, Fed.Rules Crim.Proc., filed a motion in the Section 2255 proceeding seeking a correction of the sentence by reducing the term of imprisonment on the marihuana charge to three years to be followed by the special parole term of two years. By this motion Garcia departed from his previous contention that his original sentence was proper and the imposition of the mandatory parole term was invalid. The record does not show any ruling upon this motion. On April 3 the Government filed a notice of appeal from the order of March 7, 1973, and on April 5 Garcia filed a notice of appeal from the same order insofar as it denies the original relief sought by him.

The first of the questions requiring consideration is whether the district court properly imposed the statutory special parole term subsequent to the imposition of the original sentence of imprisonment. The Government contends that the imposition of the parole term was proper and the order setting aside the imposition of the parole term should be reversed. Garcia would have this Court affirm the order setting aside the imposition of the special parole term or, preferably, let the two year special parole term stand, but require the reduction of the term of imprisonment to three years so that the aggregate of imprisonment and parole will not exceed the original five year sentence.

■ It has been said that a sentence which is being served cannot be increased. This was the basis for the setting aside by the trial court of the added special parole term. The rule that the penalty of a sentence cannot be increased after the sentence is being served is applicable only when the sentence is legal and valid and within the minimum and maximum statutory sanctions.

The Supreme Court in Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L. Ed. 818, had before it a case where the defendant was originally sentenced to a prison term although the statute which fixed the penalty required both imprisonment and a fine. He was resentenced with a fine as well as imprisonment being imposed. In approving the resentencing the Supreme Court held that "The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense." 330 U.S. 160, 167, 67 S.Ct. at 649.

The Fifth Circuit Court of Appeals has recently had before it a case such as the one before this Court where the original sentence on a marihuana charge did not include the mandatory special parole provision. In approving the resentencing which added the special parole term to the prison term the Court said, "When the district court became aware that the mandatory special parole term . . . . had not been imposed, it

had a duty to comply with the statute." Caille v. United States, 5th Cir. 1973, 487 F.2d 614.

An appropriate statement of the principle is found in an opinion of the District Court for the Eastern District of New York in these words, "Since the special parole term is a mandatory addition to the regular term of imprisonment, the sentence to a special parole term which was inadvertently omitted does not constitute an illegal increase in the sentence." United States v. Thomas, E.D.N.Y.1972, 356 F.Supp. 173, aff'd 2d Cir. 1973, 474 F.2d 1336.

■ The well established principle that an invalid sentence may be corrected by the imposition of a proper sentence is applicable even though, at the time of the resentencing, the original sentence is being served. Sasser v. United States, 6th Cir. 1965, 352 F.2d 796, cert. den. 385 U.S. 883, 87 S.Ct. 174, 17 L.Ed.2d 111; Hayes v. United States, 1957, 102 U.S.App.D.C. 1, 249 F.2d 516, cert. den. 356 U.S. 914, 78 S. Ct. 672, 2 L.Ed.2d 586.

■ The application to the cause before us of the principles hereinbefore set forth requires the reversal of that portion of the district court's order which set aside the imposition of a special parole term of two years in addition to the sentence of five years imprisonment for the marihuana offense.

It follows that there is no merit in Garcia's contention that his prison term on the marihuana charge should be reduced to three years so that it and the two year parole term would not, overall, exceed the original five year sentence.

■ Garcia complains that, although he knew that consecutive sentences might be imposed, he was not so informed by the court at the time of his pleas. The question was not raised in the district court until two weeks after the entry of the order on the Section 2255 motion. It was then injected into the case by a motion which has never been ruled upon and is not mentioned in Garcia's notice of appeal. The question is one which should have been raised and decided in the criminal proceeding. This issue is not before us on appeal.

■ Garcia asserts that he was not advised of the consequences of his guilty plea, because he was neither advised by the court nor knew that the special parole term is mandatory if imprisonment is ordered. Petitioner then urges that if the special parole term is reinstated, he is entitled to have his guilty plea set aside because he was unaware that both imprisonment and special parole could be imposed. With painstaking care the district court advised Garcia of the effect of a guilty plea to the marihuana charge. Imprisonment, fine and special parole were all explained both on February 10, 1972, when Garcia was arraigned, and again on March 23, 1972, when he entered his guilty pleas. The record and the district court's findings refute Garcia's inferences. His contention cannot be sustained.

■■ The final contention of Garcia is that the denial of his request to withdraw his plea of guilty to the marihuana charge was error. At the time of resentencing and the imposition of the mandatory special parole term, Garcia requested leave of court to withdraw his plea. The request was denied. He stated that he wanted to appeal from the court's ruling. The court told him to confer with his attorney and decide. No direct appeal was taken. This Court is asked to treat the Section 2255 proceeding as a direct appeal to review the denial of the request to withdraw the plea. Section 2255 is not to be used as a substitute for a direct appeal. Kinnell v. Crouse, 10th Cir. 1967, 384 F.2d 811; Hilliard v. United States, 10th Cir. 1965, 345 F.2d 252. No exceptional circumstance exists in this case to cause a search to be made for making an exception to the rule.

That portion of the order of the district court filed on March 7, 1973, which set aside the court's orders entered on

September 14, 1973, and September 18, 1973, is reversed and said orders are henceforth in full force and effect. The remaining portion of said order denying said motion in all other respects is affirmed.

Affirmed in part.