Eugene W. THOMPSON, Petitioner, Appellant,

v.

UNITED STATES of America, Appellee.

No. 74–1026.

United States Court of Appeals, First Circuit.

Submitted April 4, 1974.

Decided May 7, 1974.

Eugene W. Thompson on brief pro se.

James N. Gabriel, U. S. Atty., and William A. Brown, Asst. U. S. Atty., Chief, Civ. Div., on brief for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Petitioner was convicted of distributing and conspiring to distribute narcotics, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1970). This court affirmed the conviction, United States v. Thompson, 481 F.2d 650 (1st Cir. 1973) (per curiam), and petitioner commenced serving his sentence.

While the appeal was pending, the trial court received a letter from the Bureau of Prisons noting that the court in sentencing petitioner had omitted inclusion of a "special parole term." The relevant statute requires the imposition of such a term in addition to any prison sentence. See 21 U.S.C. § 841(b)(1)(A) (1970). In response to the letter, and in the petitioner's absence, the court amended the judgment so as to include a special parole term of three years, the statutory minimum, as well as the original ten year prison term.

Petitioner subsequently filed a *pro se* motion to correct sentence pursuant to Fed.R.Crim.P. 35, contending that the court's addition of the three year special

parole term to his original sentence without a corresponding three year reduction in his prison term constituted an increase in sentence in violation of the double jeopardy clause of the fifth amendment.[1] The trial court dismissed the motion, relying upon United States v. Thomas, 356 F.Supp. 173 (E.D.N.Y. 1972), aff'd in open court, 474 F.2d 1336 (2d Cir. 1973).[2] Since the trial court's decision, identical holdings have been reached by the Fifth and Tenth Circuits. Garcia v. United States, 492 F.2d 395 (10th Cir. 1974); Caille v. United States, 487 F.2d 614 (5th Cir. 1973) (per curiam).

In this appeal, petitioner contends that the trial court, as well as the *Garcia, Caille* and *Thomas* courts, erred on the double jeopardy claim. Petitioner also raises an issue on appeal that he did not raise before the trial court: namely, whether he was denied the right of being present when the second sentence was entered.

With respect to the double jeopardy claim, the leading Supreme Court case is Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947). There, the defendant was convicted under a statute which required as a minimum sentence both a $100 fine and imprisonment. The trial court initially imposed only a prison term. However, five hours after sentence was announced, the court realized its error and added a $100 fine. The Supreme Court rejected defendant's contention that the late addition of the fine constituted double jeopardy stating:

"The Constitution does not require that sentencing should be a game in

---

1. Rule 35 provides in part: "The court may correct an illegal sentence at any time."

2. The trial court's memorandum and order included the following:
"Insofar as the undersigned sentencing judge's intention may be relevant, it was his intention on June 16, 1972 to impose a ten-year sentence plus the minimum special parole term of three years, as required by 21 U.S.C. § 841(b)(1)(A), and his omission to

impose a special parole term at the sentencing hearing was due to inadvertence and oversight. The sentencing judge was generally aware of the requirement of a special parole term of at least three years, having included the same in sentences of a codefendant of the petitioner on June 8, 1972 and in sentences of three defendants in Crim. No. 71–686–G on June 5, 1972 and in Crim. No. 72–72–G on June 16, 1972."

which a wrong move by the judge means immunity for the prisoner. *See* King v. United States, 69 App.D. C. 10, [15], 98 F.2d 291, 296. In this case the court 'only set aside what it had no authority to do, and substitute[d] directions required by the law to be done upon conviction of the offender.' *In re Bonner*, [151 U.S. 242, 260, (14 S.Ct. 323, 38 L.Ed. 149) (1894)]. It did not twice put petitioner in jeopardy for the same offense. [footnote omitted] The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense."

330 U.S. at 166–167. The full import of *Bozza* is that a trial court not only *can* alter a statutorily-invalid sentence in a way which might increase its severity, but *must* do so when the statute so provides. *See* Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); United States v. Bishop, 487 F.2d 631, 633 (1st Cir. 1973).

■ *Bozza* controls the instant case. Because the trial court's initial sentence omitting the special parole term was invalid, the new sentence including such term was not merely permitted but required. Consequently, as the *Garcia, Caille* and *Thomas* courts have already concluded, there was no violation of the double jeopardy clause.[3]

■ In this appeal petitioner also contends that he was denied the right to be present when the trial court added the three year special parole term to his sentence. *See* United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963); Fed.R.Crim.P. 32(a), 43.

The first question we must resolve is whether we can properly consider the issue at this time, in view of the fact that petitioner failed to raise it before the trial court.[4]

Ordinarily, this court will not consider issues not raised before the court below. However "[i]n exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." Silber v. United States, 370 U.S. 717, 718, 82 S.Ct. 1287, 1288, 8 L. Ed.2d 798 (1962) (per curiam), quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936). Here, the alleged failure of petitioner to be present at his own sentencing is an error which, although perhaps not obvious, affects seriously the fairness, integrity and public reputation of judicial proceedings. *See* Note, Procedural Due Process at Judicial Sentencing For Felony, 81 Harv.L.Rev. 821, 830–32 (1968). In addition, the fact that petitioner is incarcerated and acting *pro se* supports a decision on the merits at this time. *See* United States v. Sawaya, 486 F.2d 890, 892 (1st Cir. 1973). Therefore, we will consider this issue on appeal. *See* Bartone v. United States, 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11 (1963).

■ A defendant has the right under Rules 32(a) and 43 not to be sentenced for a felony in absentia. United States v. Behrens, *supra*; United States v. Leavitt, 478 F.2d 1101, 1103 (1st Cir. 1973).[5] In *Caille, supra*, the Fifth Cir-

---

3. Petitioner's research on this subject has turned up unreported cases in which trial courts voluntarily reduced prison terms at the same time they "corrected" invalid sentences which omitted the special parole term. However, the present issue is not whether a trial court *can* reduce a prison term in imposing a valid sentence, but whether it *must* do so under the double jeopardy clause.

4. In petitioner's "Traverse to Government's Responsive Memorandum & Memorandum,"

he stated flatly: "Let there be no mistake: Petitioner does not complain that he was not present before this Court when sentence was enlarged and enhanced; clearly, sentenced [sic] could not be enlarged and enhanced (or "corrected", as the Government states), were Petitioner present or not!"

5. It is not settled whether the right to be present at sentencing also exists under the due process clause as well as under Rules 32(a) and 43. In holding the waiver aspects of Rule 43 constitutional, Taylor v. United

cuit applied this rule to a situation virtually identical to the instant case. It held that although there had been no violation of the double jeopardy clause in a resentencing which added the special parole term required by statute, the petitioner had the right to be present at such resentencing. 487 F.2d at 616. *See also* Cook v. United States, 171 F.2d 567, 569 (1st Cir. 1948) (dictum), cert. denied, 336 U.S. 926, 69 S.Ct. 647, 93 L. Ed. 1088 (1949).

One aspect of *Caille* is arguably distinguishable from the instant case. Here we have an express statement from the trial court that it was well aware of the special parole term requirement when it originally sentenced petitioner. *See* note 2, *supra.* Thus, unlike the *Caille* court, we have no reason to think that a shorter prison term would have been awarded if only the trial court had known of the special parole term requirement. Nevertheless, the Supreme Court has emphasized another aspect to a defendant's right to be present at sentencing, namely the "elementary" right of a defendant to be afforded an opportunity to make a statement to the judge in his own behalf. United States v. Behrens, *supra* 375 U.S. at 167–168

(Harlan, J., concurring); Fed.R.Crim.P. 32(a). This right was not satisfied by petitioner's presence at the first, invalid sentencing. "Even if he has spoken earlier, a defendant has no assurance that when the time comes for final sentence the district judge will remember the defendant's words in his absence and give them due weight. Moreover, only at the final sentencing can the defendant respond to a definitive decision of the judge." United States v. Behrens, *supra* 375 U.S. at 168. (Harlan, J., concurring).

Here, the only statutorily-valid sentencing of petitioner occurred on the occasion when he was not present.[6] Therefore, on the authority of *Behrens* and *Caille*, we must vacate the second sentence and remand the case for a third sentencing before the original judge at which petitioner, and his counsel if he so desires, are present. *See* Van Hook v. United States, 365 U.S. 609, 81 S.Ct. 823, 5 L.Ed.2d 821 (1961) (per curiam); United States v. Leavitt, *supra* at 1103.

The sentence appealed from is hereby vacated and the case is remanded for further proceedings not inconsistent with this opinion.

States, 414 U.S. 17, 18, 94 S.Ct. 194, 38 L. Ed.2d 174 (1973) (per curiam), suggests that it does not. *But see* McGautha v. California, 402 U.S. 183, 236, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971) (Douglas, J., dissenting); United States v. Johnson, 315 F.2d 714, 717 (2d Cir. 1963) (Marshall, J.), cert. denied, 375 U.S. 971, 84 S.Ct. 477, 11 L.Ed. 2d 418 (1964). The only clearcut Supreme Court holding in this area is the narrow holding in Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (failure of sentencing judge to ask a defendant *who is present* and represented by counsel whether he personally has anything to say, although a violation of Rule 32(a), is not a constitutional error).

6. In Cook v. United States, 171 F.2d 567 (1st Cir. 1948), cert. denied, 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088 (1949), this court held that a sentence which is below

the statutory minimum is not *per se* void but voidable at the request of the government. Thus, because in *Cook* only the defendant, for a specified reason, challenged the validity of a too-lenient sentence, the sentence was not held void. *Id.* at 569–570. It followed that defendant's second sentencing in that case was unnecessary and that his failure to be there, although a plain violation of Rules 32(a) and 43 was irrelevant. *Id.* We have no occasion here to question the soundness of *Cook* because the instant case arose differently. Here, petitioner was not the party complaining of the initial too-lenient sentence. Instead, the trial court recognized the error only after receipt of the letter from the Bureau of Prisons. Thus, even if we follow the *Cook* distinction, the initial sentence here was properly voided and we must decide the propriety of petitioner's absence from the second sentencing.