Frank E. **BACHNER**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**No. 74 C 339.**

United States District Court,
. N. D. Illinois, E. D.

June 28, 1974.

Frank E. Bachner, pro se.

James R. Thompson, U. S. Atty., Jeremy Margolis, Asst. U. S. Atty., Chicago, Ill., for respondent.

MEMORANDUM OPINION

WILL, District Judge.

The petitioner, Frank Bachner, entered a plea of guilty on November 21, 1971, to a one count indictment charging the distribution of cocaine in violation of Title 21, U.S.C. § 841(a)(1). Thereafter, on January 4, 1972, he was sentenced to a term of ten years imprisonment to run concurrently with the ten

year sentence imposed earlier the same day by Judge Hoffman in another drug case. The petitioner is presently incarcerated in the United States Penitentiary at Terre Haute, Indiana.

The petitioner now moves to vacate that sentence, invoking the jurisdiction of this court under the provisions of 28 U.S.C. §§ 2243 and 2255. In support of his motion he contends (1) that the court failed to accept his guilty plea in accordance with Rule 11, F.R.Crim.P., because it informed him that the maximum penalty was a sentence of fifteen years and a $10,000 fine, and failed to apprise him of the mandatory special parole term which must be added to any term of imprisonment; and (2) because the actual sentence does not contain the special parole term, it is technically incorrect and thus illegal. Relying upon these defects, the petitioner argues that the current sentence must be set aside and he must be permitted to plead anew. We do not agree that the petitioner is entitled to the relief sought.

The transcript of the proceeding during which the petitioner pled guilty indicates that the court did in fact fail to advise the petitioner that 21 U.S.C. § 841(a)(1) required a mandatory three year special parole term. The colloquy between those present reveals that only the potential term of imprisonment and fine were explained to the petitioner. Neither the court, prosecuting attorney nor defense counsel made reference to the special parole period. The record is therefore clear that the petitioner entered a plea of guilty upon the understanding that a fifteen year sentence and a $10,000 fine were the maximum possible consequences of his plea.

## I

■ The courts have recognized that the primary purpose of Rule 11, F.R. Crim.P., which governs the acceptance of guilty pleas, is to insure that an accused does not plead guilty "except with a full understanding of the charges against him and the possible consequences of his plea." Brady v. United States, 397 U.S. 742, 749, n. 6, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). *See also,* McCarthy v. United States, 394 U. S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); United States v. Smith, 440 F. 2d 521 (7th Cir. 1971). This requires that the accused know the maximum possible penalty prior to the entry of his plea so that he may accurately assess the consequences of his decision. *Smith, supra.* The failure of the court to inform the defendant of the consequences destroys the probability that the guilty plea was made knowingly and voluntarily, and thus renders it invalid.

Some jurisdictions, as the petitioner points out, operate pursuant to an automatic rule which compels the vacation of a plea whenever the maximum sentence is not disclosed by the court. Roberts v. United States, 491 F.2d 1236 (3rd Cir. 1974); United States v. Richardson, 483 F.2d 516 (8th Cir. 1973). These circuits hold that, unless the petitioner is informed of the worst to expect as reflected by the outer limits of punishment, the purpose and practice of Rule 11 has been violated. Regardless of the circumstances surrounding the plea, they require the petitioner to be permitted in every such case to plead anew.

■ We are unconvinced that the mechanical procedures used by these circuits are necessarily applicable in every instance where there has been an error by the Court in disclosing the maximum penalty facing the defendant. Rather, we find that the better rule has been followed by the Fifth Circuit, which permits the sentencing court to determine, based upon all of the attendant circumstances, whether the petitioner would have entered a different plea if the actual penalty was known. As explained

in United States v. Blair, 470 F.2d 331 (5th Cir. 1972):

> A distinction should be made at this point between a total failure to inform about the consequences of a guilty plea and an error in informing. In the former case . . . the record affords no basis for determining whether or not the plea was made with an understanding of the consequences. In the latter case, so long as the consequences which actually resulted from the plea were not more dire than the defendant had been led to believe they could be, the record allows an evaluation of whether or not the misinformation induced a plea which would not have been entered had the defendant known the actual maximum penalty.

Where the defendant has been misinformed as to the maximum penalty, this Court's en banc decision in United States v. Woodall, 5 Cir. (en banc), 1971, 438 F.2d 1317, cert. denied, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712, establishes an approach of case by case evaluation to determine whether the prospect of different punishment would have caused a change in plea. . . . *Woodall* . . . replaced the automatic reversal rule of those cases with a "weighing operation" whereby "each individual case must be determined on its own facts, based on whether under all of the circumstances the incorrect sentencing information had an effect *at the time of the plea* on the defendant's decision to plead guilty." Id. at 340, n. 20.

When viewed from the standpoint that any uncertainty as to whether the petitioner might have pled differently must be resolved in favor of the petitioner, we find that this brings the Fifth Circuit's interpretation within the dictates of Rule 11. It is only in those cases where the difference between the revealed penalty and the actual maximum possible penalty would have had some real impact at the time of the petitioner's guilty plea that the court can preclude the petitioner from pleading again. In these instances, no justifiable purpose would be served by permitting an individual to parlay a technicality, which had little or no influence at the time of his plea, into granting the petitioner an opportunity to reopen the case, especially where the passage of time might seriously prejudice the prosecution's case. The court should have the latitude to consider the circumstances surrounding the plea, and if those circumstances clearly warrant it, to find that the mistaken declaration of the court constituted harmless error.

We reach such a conclusion in the instant case. The record reflects that the petitioner understood the charges against him, that there was a substantial underlying factual basis for his plea, and that the petitioner willingly acknowledged his guilt.

By the Court:

Q Let me ask you this, Mr. Bachner, what this says is that you knowingly and intentionally distributed some 2,999 grams of cocaine on or about September 7, 1971.

What is the story on that?

A Your Honor, it has been explained to Mr. Fitzsimmons. I don't know how to explain it.

Q What did you do?

A I did give the cocaine to the agent.

Q You didn't know he was an agent, I take it, or did you?

A No, I didn't, but I had not arranged the initial—

Q No, I know that.

A I did give it to him.

Q You were a knowing participant in a transaction involving, what, the sale?

A Yes, sir.

Q   Of 2,999 grams of cocaine?

A   Yes.

Mr. Hoffman:  Might I also ask, did he then know it was cocaine?

By the Court:

Q   I take it he did.

A   Yes.

Q   Sure you knew you were selling cocaine?

A   Yes.

The Court:

I guess he is guilty, Mr. Wolfson.

It was also indicated at the hearing that the defendant had also decided to plead guilty in another drug case then pending before Judge Hoffman. It should be noted that the maximum penalty for that charge, 21 U.S.C. § 176a, was at that time twenty years and $20,000, the maximum term thereby exceeding the maximum possible consequences in this case inclusive of the special mandatory parole term. The petitioner further requested that he be permitted to be sentenced by Judge Hoffman first, which thus exposed him to the greater penalty before he appeared before us for sentencing. In fact, he was ultimately sentenced to ten years by this court to run concurrently with the same sentence imposed by Judge Hoffman. The sentence that the petitioner actually received here was, therefore, significantly less than either the described penalty or the actual possible maximum penalty.

■   Finally, based upon both the statements and demeanor of the petitioner, we observed absolutely no uncertainty or equivocation as to his intention to enter a plea of guilty. From all of the foregoing, we conclude that the peti-

tioner in fact committed the offense charged and, even equipped with the knowledge of the special parole term, would not have pled any differently. Moreover, in view of the sentence imposed, the petitioner was in no way prejudiced. Accordingly, we find the court's failure to inform the petitioner of the mandatory special parole term to be harmless error and we will not vacate Bachner's guilty plea.

II

■   We do, however, acknowledge the fact that, by failing to include the special mandatory parole term, the petitioner's sentence, as it now stands, is technically incorrect. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947). The courts have determined that when a district court becomes aware of the failure to include a mandatory special parole term, it has the duty to comply with the statute. Caille v. United States, 487 F.2d 614 (5th Cir. 1973); United States v. Thomas, 474 F. 2d 1336 (2d Cir. 1973), affirming United ed States v. Thomas, 356 F.Supp. 173 (E.D.N.Y.1972). The courts have additionally held that "since the special parole term is a mandatory addition to the regular term of imprisonment, the sentence to a special parole term which was inadvertently omitted does not constitute an illegal increase in the sentence." United States v. Thomas, *supra* at 174.

Consistent with the foregoing, we therefore order the sentence imposed on January 4, 1972, vacated, and pursuant to the prescriptions set forth in Caille v. United States, *supra,* we direct that the petitioner be brought before this court to be resentenced. An appropriate order will enter denying the petitioner's request to set aside his plea but granting his motion to vacate his sentence and be resentenced.