Thomas LLERENA, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 74–1257.

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1975.

P. D. Aiken, Miami Beach, Fla., for petitioner-appellant.

Robert W. Rust, U. S. Atty., Barbara Vicevich, Kerry J. Nahoom, Asst. U. S. Attys., Miami, Fla., for respondent-appellee.

Before WISDOM and BELL, Circuit Judges, and BREWSTER, District Judge.

BREWSTER, District Judge:

This appeal challenges the validity of an action taken by the trial court to correct an illegal sentence of appellant for violation of the Comprehensive Drug Abuse Prevention and Control Act of 1970.

On August 26, 1971, Thomas Llerena, the appellant here, and Amado Lopez were each found guilty by a jury on a count charging them with conspiring with each other to possess cocaine with intent to distribute it, in violation of Title 21, U.S.C., Sec. 841(a)(1).[1] On the following October 5th, Llerena was sentenced to serve eighteen months. Lopez received a longer prison sentence on his convictions on the three counts. The convictions of both Llerena and Lopez were affirmed. United States v. Lopez, et al., 5 Cir., 459 F.2d 949 (1972). After Llerena's petition for certiorari was denied (409 U.S. 878, 93 S.Ct. 130, 34 L.Ed.2d 131), he surrendered to the proper United States Marshal on September 26, 1972, to begin service of his eighteen months sentence.

On May 11, 1973, the Bureau of Prisons directed the sentencing court's attention to the fact that Llerena's sentence failed to include the special parole term made mandatory by statute under the circumstances.[2] On June 4, 1973, that court entered a corrected judgment and commitment[3] assessing Llerena's punishment at eighteen months confinement, with a special parole term of three years in addition thereto, to be effective as of the date of the original judgment.[4] That judgment complied with the penalty statute, but was invalid because the corrected sentence augmenting the earlier one was pronounced without having Llerena present. Caille v. United States, 5 Cir., 487 F.2d 614 (1973).

Llerena got out of prison on mandatory release under 18 U.S.C. § 4163, on October 26, 1973.[5] Shortly thereafter, he filed a motion to vacate the corrected judgment of the previous June 4th on the grounds that he was not present when the sentence therein provided was imposed, and that the court lacked authority to increase his sentence after he had begun service of it. The motion was denied on November 27, 1973. On December 7, 1973, Llerena filed a motion for reconsideration of the order of November 27th on the ground that the opinion in Caille v. United States, supra, handed down on November 26, 1973, supported his contention that the special parole term could not be added without his being afforded an opportunity to be present. At a hearing on the motion held on December 17, 1973, with Llerena and his counsel and an Assistant United States Attorney present, the Court set aside the corrected judgment of June 4th and sentenced Llerena to eighteen months imprisonment with a special parole term of three years added thereto. Judgment dated December 17, 1973, but effective nunc pro tunc as of October 5, 1971, the date of the original judgment, was entered accordingly.

The last judgment cured the defects which had been fatal to the two previous

---

1. Lopez was also found guilty on each of two counts charging sales of cocaine.

2. 21 U.S.C. § 841(b)(1)(A) provides in pertinent part: " . . . Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment . . . ."

21 U.S.C. § 841(c) specifies: "A special parole term provided for in this section or section 845 of this title shall be in addition to, and not in lieu of, any other parole provided for by law."

3. For convenience, each judgment and commitment will hereafter be referred to as "judgment".

4. This complied with the following suggestion in Hayes v. United States, 102 U.S.App.D.C.

1, 249 F.2d 516, 518 (1957): " . . . We assume that to avoid double jeopardy the resentence must be made effective as of the date of the original sentence; that is, that the defendant is not required to serve again the time he has been imprisoned by reason of the invalid sentence."

5. The following quotations are from the pertinent statutes on mandatory release:

"Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct . . . ." 18 U.S.C. § 4163.

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." 18 U.S.C. § 4164.

ones; but Llerena here claims that it should be set aside because it was pronounced after he had discharged the eighteen months prison sentence, and therefore violated the double jeopardy provisions of the Fifth Amendment to the Constitution of the United States. In support of his contention, he cites the following cases: Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 (1973); United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928); United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); Rowley v. Welch, 72 App.D.C. 351, 114 F.2d 499 (1940); Acme Poultry Corp. v. United States, 4 Cir., 146 F.2d 738 (1944), cert. den. 324 U.S. 860, 65 S.Ct. 865, 89 L.Ed. 1417; Oxman v. United States, 8 Cir., 148 F.2d 750 (1945); United States v. Rosenstreich, 2 Cir., 204 F.2d 321 (1953); United States v. Chiarella, 2 Cir., 214 F.2d 838 (1954), cert. den. 348 U.S. 902, 75 S.Ct. 226, 99 L.Ed. 708; Deutschmann v. United States, 9 Cir., 254 F.2d 487 (1958), cert. den. 357 U.S. 928, 78 S.Ct. 1377, 2 L.Ed.2d 1374; Aga v. United States, 8 Cir., 312 F.2d 637 (1963); United States v. Sacco, 2 Cir., 367 F.2d 368 (1966); Schultz v. United States, 5 Cir., 384 F.2d 374 (1967); Sullens v. United States, 5 Cir., 409 F.2d 545 (1969). A good statement of the general rule established by these cases is found in the Rosenstreich opinion where the Court said:

"It is well settled that, thanks to the double-jeopardy provision of the Fifth Amendment, a federal court may not increase (a) a sentence of imprisonment, once execution of the sentence has begun, or (b) a sentence to pay a fine, after the fine first imposed has been paid . . ." 204 F.2d, at 321.

This rule applies to cases where the first sentence is a legal one. The following quotations show that the law is different where the first sentence is illegal.

" . . . The Constitution does not require that sentencing should be a game in which a wrong move by a judge means immunity for the prisoner. See King v. United States, 69 App.D.C. 10, 98 F.2d 291, 296. In this case the court 'only set aside what it had no authority to do, and substitute[d] directions required by law to be done upon conviction of the offender.' In re Bonner, supra, 151 U.S. [242] at page 260, 14 S.Ct. [323] at page 327, 38 L.Ed. 149. It did not twice put the petitioner in jeopardy for the same offense. The sentence, as corrected imposes a valid punishment for an offense instead of an invalid punishment for that offense." Bozza v. United States, 330 U.S. 160, 167, 67 S.Ct. 645, 649, 91 L.Ed. 818, 822 (1947).

"Concededly, in the present case, as in Bozza, the prisoner had begun to serve an illegal punishment. In Bozza, however, the court had no choice under the statute but to increase the sentence, because the original penalty had been too *light*. The conflict between *Lange*, which forbids a heavier punishment, and the statute, which required it, could not be resolved. If an exception was not made to *Lange*, no legal sentence could be imposed   . . . ." Sullens v. United States, supra, 409 F.2d at page 548.

The following is quoted from the footnote to the sentence above quoted from the Rosenstreich case:

"Nor are cases in point which hold valid a sentence heavier than the original sentence where the latter was ruled to be invalid on defendant's suit, Murphy v. Massachusetts, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711, or where the original sentence was invalid because of the failure to impose the required minimum penalties, Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818. Of course, reduction of a sentence partly executed is not invalid, United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354." 204 F.2d at 322.

■ Where the punishment imposed by the court in a criminal case does not conform to the applicable penalty statute, it is illegal. Bozza v. United States, supra; Reyes v. United States, 5 Cir., 262 F.2d 801 (1959); Caille v. United States, supra; Tanner v. United States,

5 Cir., 493 F.2d 1350 (1974); Hayes v. United States, 102 U.S.App.D.C. 1, 249 F.2d 516 (1957); Deutschmann v. United States, 9 Cir., 254 F.2d 487 (1958); Mathes v. United States, 9 Cir., 254 F.2d 938 (1958); Orrie v. United States, 8 Cir., 302 F.2d 695 (1962); United States v. Thomas, E.D.N.Y., 356 F.Supp. 173, affirmed, 2 Cir., 474 F.2d 1336 (1973); Garcia v. United States, 10 Cir., 492 F.2d 395 (1974); Thompson v. United States, 1 Cir., 495 F.2d 1304 (1974). *Caille, Tanner, Thomas, Garcia* and *Thompson* were cases where the mandatory special parole term under the Comprehensive Drug Abuse Prevention and Control Act of 1970 was inadvertently omitted from the original sentence and was later added by corrective judgment.

■ When the sentencing court discovers that a sentence imposed by it did not conform to the applicable penalty statute, it has the duty to correct the sentence so as to comply with the statute even though service of the sentence first imposed has begun, and though the corrected sentence is required to be more onerous. Reyes v. United States, Caille v. United States, Mathes v. United States, United States v. Thomas, and Thompson v. United States, all supra.[6] These cases hold that such correction may be made at any time under Rule 35, F.R.Crim.P.[7]

■ Llerena contends that all of the confinement and parole obligations of his sentence were completely discharged when he left prison under mandatory release on October 26, 1973; and that at the time the Court pronounced the corrected sentence on December 17, 1973, he had passed the period when the rule authorizing the correction of an illegal sentence at any time would be applicable.

That contention is based upon his construction of the effect of the application of the provisions of the mandatory release statutes quoted in footnote 5 to the portion of his prison sentence not served. Since he was actually in custody thirteen months, only five months remained on his eighteen months sentence when he was mandatorily released. 18 U.S.C. § 4164 provides that a petitioner so released shall "be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." Llerena was therefore not subject to parole under the statutes generally applicable to most types of offenses, because he had only one hundred and fifty days left on his sentence when he was released. He argues that even though he was still arithmetically within the eighteen month period of his sentence, the fact that he was not under parole supervision made it impossible to require him to return to custody to discharge any of the unserved portion of his sentence, regardless of his conduct. He says that by reason thereof the Court had no strings on him when it pronounced the corrected sentence on December 17, 1973, and that the Court's corrected sentence of that date therefore violated the double jeopardy provisions of the Fifth Amendment.

Rule 35, F.R.Crim.P., providing that a court "may correct an illegal sentence at any time", and the authorities cited above applying such rule to corrections of illegal sentences of the type here involved, are a complete answer to Llerena's contention that the trial court lacked authority to correct his sentence on December 17, 1973. However, since the Court does not agree with Llerena's contentions that all his confinement and

6. " . . . When the district court became aware that the mandatory special parole term provided by 21 U.S.C.A. § 841(b)(1)(A) had not been imposed, it had a duty to comply with the statute . . ." *Caille,* supra, 487 F.2d at 615.

"It has recently been held that the substitution of a valid for an invalid sentence is permissible even if the second sentence is more severe. . . ." *Thomas,* supra, 356 F.Supp. at 174.

" . . . The full import of Bozza is that a trial court not only *can* alter a statutorily-invalid sentence in a way which might increase its severity, but *must* do so when the statute so provides. . . ." *Thompson,* supra, 495 F.2d at 1306.

7. " . . . Rule 35, provides: 'The court may correct an illegal sentence at any time'. Such correction does not violate the constitutional rights of a convicted person . . .." *Reyes,* 262 F.2d at 802.

parole obligations had been fully discharged when he left prison under mandatory release on October 26, 1973, that matter will be discussed briefly.

■ Llerena's contention that at the time he left prison in October he had passed the period when he was subject to parole ignores the special parole term of at least three years made mandatory under the penalty provisions of the Comprehensive Drug Abuse Prevention and Control Act of 1970 quoted in footnote 2. 21 U.S.C. § 841(b)(1)(A) says that such special parole term shall be "in addition to such term of imprisonment." 21 U.S.C. § 841(c) provides that it is in addition to any other parole provided by law. The parole term which is shortened one hundred and eighty days by 18 U.S.C. § 4164 is the one generally applicable in federal criminal cases. If there had been enough time left on Llerena's sentence for him to be under such general parole for a period, the special parole term would have begun to run at the termination of such period. The fact that less than one hundred eighty days remained on his sentence made general parole inapplicable did not relieve him from the obligations under the mandatory special parole term of at least three years. Any other construction would render meaningless the special parole provisions of the Act which are wholesome not only for society but for the prisoner himself. The original sentence on October 5, 1971, was illegal because it omitted the special parole term. Appeals intervened and Llerena did not begin to serve his sentence until September 26, 1972. When the omission of the special parole term came to the sentencing judge's attention, he pronounced sentence and entered judgment in pursuance thereof on June 4, 1973, adding the special parole term to conform to the pertinent penalty statutes. That was prior to the decision in the *Caille* case, supra, and he did not have Llerena present when the corrected sentence was pronounced. On its face, the corrected sentence then imposed complied with the statutes, and would have been legal except for the fact that Llerena was not present. The parties were operating under that judgment until it was set aside on Llerena's motion on December 17, 1973, challenging its legality because of his absence at the time it was pronounced. At the same hearing, with an Assistant United States Attorney and Llerena present, the Court again pronounced the same corrected sentence that was contained in the judgment of June 4, 1973. If the validity of the sentence of December 17, 1973 had to turn on whether Llerena was free of all imprisonment and parole obligations on that date, our holding would be that he was not. His obligations under the statutory mandatory special parole term could not be discharged until three years after October 26, 1973. The mistakes by the trial judge could not give Llerena immunity from such mandatory parole term.[8]

Affirmed.

---

8. Reference is made to an above quotation from Bozza v. United States, supra, where the Supreme Court said: " . . . The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner . . . ."