Albert Edward **DEUTSCHMANN**,
Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 15774.

United States Court of Appeals
Ninth Circuit.
March 31, 1958.

Gerald J. Levie, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Lloyd F. Dunn, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before FEE and BARNES, Circuit Judges, and HAMLIN, District Judge.

BARNES, Circuit Judge.

Appellant was charged in a five count indictment with various violations of 21 U.S.C.A. § 174—illegal trafficking in narcotics.[1] He pleaded guilty to counts 1 and 3 of the indictment. On June 17, 1957 appellant was sentenced to fifteen years imprisonment on count 1; and consecutive thereto five years probation on count 3; imposition of sentence on count 3 being suspended.[2] Counts 2, 4 and 5 were dismissed. Appellant was committed to the custody of the Marshal to commence sentence and was held in the county jail awaiting transportation to a federal penitentiary.

On the next day, June 18, 1957 appellant was recalled to court, the original sentence as to count 3 vacated as illegal, and a new sentence imposed: fifteen years on each count to run consecutively. The illegality of the original sentence as to count 3 arose because 21 U.S.C.A. § 174, by incorporation of 26 U.S.C. § 7237(d), in its 1956 amendment, prohibits the court from suspending imposition of sentence or granting probation.[3]

Appellant prosecutes this appeal charging that the vacating and resentencing were illegal in that such procedure increased his punishment after he had already begun to serve his sentence, thereby violating the constitutional inhibi-

1. 21 U.S.C.A. § 174: "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000."

2. Appellant characterizes this sentence as: "Fifteen years imprisonment and $5,000 fine on count one, and five years probation following the 15 years imprisonment on count three (five years suspended)." [Appellant's Brief, p. 3.] Such characterization is either the result of a typographical error or patently misleading.

3. "Upon conviction (1) of any offense the penalty for which is provided in * * * subsection (c) * * * of section 2 of the Narcotic Drugs Import and Export Act, as amended, (21 U.S.C.A. § 174) * * * the imposition or execution of sentence shall not be suspended, (and) probation shall not be granted * * *." [Emphasis added.] 26 U.S.C. § 7237 (d), (as amended July 18, 1956).

tions against double jeopardy. The appeal is timely filed.

■ Appellant first asserts that it is unconstitutional to increase a sentence after the prisoner has begun serving it. This is of course correct. United States v. Benz, 1931, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354. He then asserts that he began serving his *sentence* upon detention in the county jail awaiting further transportation to the selected penitentiary. 18 U.S.C. § 3568 supports this contention precisely in that it states a sentence shall run from the date the prisoner is so received and detained.[4] Appellant assumes without discussion that the two sentences must be treated as one, and therefore when he entered the county jail he began serving a single "sentence" which thereafter could not be increased.

Recognizing that Fed.R.Crim.Proc. 35, 18 U.S.C., permits the court to correct an "illegal" sentence at any time, appellant seeks to prove that this rule applies only to judgments which are *void* and not merely those that are *erroneous*. In his reply brief, appellant contends that a sentence is void, and therefore subject to correction, only where it is in excess of the statutory maximum. Since the subject matter and parties were properly before the court here, appellant concludes that the sentence on June 17, 1957 was merely erroneous, not illegal or void, and hence could not be corrected.

The government argues that if the sentence is to be considered as one entire sentence for the purposes of serving it, then the entire sentence was illegal and subject to correction under Rule 35. If, on the other hand, the sentences are considered severable, *i. e.*, that appellant was twice sentenced, then appellant never began serving the second sentence, and there could be no double jeopardy in changing the second sentence to comply with the law prohibiting the unlawful probation and suspension of imposition of sentence.

Appellant makes no case on either theory. The cases he cites are those in which a different punishment was imposed after service of sentence had begun (United States v. Murray, 1928, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309) where an attempt was made to increase the penalty after some service of the lesser sentence (United States v. Benz, supra; United States v. Rosenstreich, 2 Cir., 1953, 204 F.2d 321; Crowe v. United States, 6 Cir., 1952, 200 F.2d 526), and those in which an "either or" punishment was authorized and the court imposed *both* after first imposing only one. Ex parte Lange, 1873, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872.

The Supreme Court considered precisely the question here before us in Bozza v. United States, 1947, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818. There the crime required imprisonment and fine; the defendant was sentenced to imprisonment only. After five hours detention in the federal jail, defendant was returned to court and fined, in addition to his imprisonment. To the claim that increasing the sentence after service had begun constituted double jeopardy, the Supreme Court said:

"In this case the court only 'set aside what it had no authority to do and substitute[d] directions required by law to be done upon the conviction of the offender.'" Id., 330 U.S. at page 167, 67 S.Ct. at page 649.

4. 18 U.S.C. § 3568: "Effective date of sentence—The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

■ Appellant seeks here to distinguish the Bozza case on two grounds: (a) if the criticized procedure was void, a total release of the prisoner would be effected (which the Supreme Court desired to avoid); (b) the court did not consider that the five hour delay constituted entry of service upon the sentence first imposed. The Bozza case cannot be so distinguished. After referring to the cases where a sentence had been increased after service had begun, the court said:

"* * * the fact that petitioner had been twice before the judge for sentencing and in a federal place of detention during the five hour interim cannot be said to be double jeopardy as we have heretofore considered it. * * * If this inadvertent error cannot be corrected in the

manner used here by the trial court, no valid and enforceable sentence can be imposed at all." [5]

And so in this case. If the second part of the sentence of June 17, 1957 is not subject to correction as was done here, then appellant will never suffer punishment for conviction on his plea of guilty to count 3, for at the end of fifteen years the probation will be unlawful and appellant will be free. Thus the court below only set aside what it had no authority to order, and substituted the sentence required by law.

■ It is well established that where there are consecutive sentences, they are served in the same order in which they appear in the indictment.[6] Thus, when appellant entered the county jail, he began serving the sentence he received under count 1, and any increase in the time

---

5. The pertinent language is as follows:
"It is well established that a sentence which does not comply with the letter of the criminal statute which authorizes it is so erroneous that it may be set aside on appeal, Reynolds v. United States, 98 U.S. 145, 168, 169, 8 Otto 145, 168, 169, 25 L.Ed. 244; Murphy v. Commonwealth of Massachusetts, 177 U.S. 155, 157, 20 S.Ct. 639, 640, 44 L.Ed. 711, or in habeas corpus proceedings. In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149. But in those cases it was recognized that an excessive sentence should be corrected, even though the prisoner had already served part of his term, not by absolute discharge of the prisoner, but by an appropriate amendment of the invalid sentence by the court of original jurisdiction, at least during the term of court in which the invalid sentence was imposed. Cf. De Benque v. United States, 66 App.D.C. 36, 85 F.2d 202, 106 A.L.R. 839. In the light of these cases, the fact that petitioner has been twice before the judge for sentencing and in a federal place of detention during the five hour interim cannot be said to constitute double jeopardy as we have heretofore considered it. Petitioner contends, however, that these cases are inapplicable here because correction of this sentence so as to make it lawful increases his punishment. Cf. United States v. Benz, 282 U.S. 304, 309, 51 S.Ct. 113, 114, 75 L.Ed. 354. If this inadvertent error cannot be corrected in the manner used here by the trial court,

no valid and enforceable sentence can be imposed at all. Cf. Jordan v. United States, 4 Cir., 60 F.2d 4, 6, with Barrow v. United States, 54 App.D.C. 128, 295 F. 949. This Court has rejected the 'doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.' In re Bonner, supra, 151 U.S. at page 260, 14 S.Ct. at page 327. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App.D.C. 10 [15], 98 F.2d 291, 296. In this case the court 'only set aside what it had no authority to do, and substitute[d] directions required by the law to be done upon the conviction of the offender.' In re Bonner, supra, 151 U.S. at page 260, 14 S.Ct. at page 327. It did not twice put petitioner in jeopardy for the same offense. The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense." Id., 330 U.S. at page 166, 67 S.Ct. at page 648.
See also Hayes v. United States, D.C. Cir., 249 F.2d 516, 517–518, where *two months* had been served before the invalid sentence was corrected.

6. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Henry v. Madigan, 9 Cir., 1957, 241 F.2d 659.

under count 3 was before service of the sentence rendered on that count had begun.

The judgment of the District Court is affirmed.