Jerry Warren **OWENSBY**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9520.**

United States Court of Appeals
Tenth Circuit.

Nov. 13, 1967.

---

David L. Erickson, for appellant.

John E. Green, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., was with him on the brief), for appellee.

Before JONES *, LEWIS, and BREIT-ENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

Appellant is presently confined in the United States Penitentiary at Atlanta, Georgia, serving sentences imposed by the District Court for the Western District of Oklahoma upon the entry of pleas of guilty to four separate violations of the Dyer Act, 18 U.S.C. § 2312. The present appeal is taken from an order of the sentencing court denying relief to appellant sought under Rule 36, Fed. R.Crim.P., upon claim that he has been erroneously committed to serve fifteen years when his lawful sentence is ten years.[1] The basic procedural facts premising appellant's claim are not in dispute.

On October 25, 1966, appellant was sentenced in Oklahoma for the four offenses, one of which was committed in Oklahoma and three of which reached the Oklahoma court as Rule 20 transfers from South Carolina, Alabama and Florida. The sentence then imposed was five years on the Oklahoma case, five years consecutive to the Oklahoma case on the South Carolina case, five years consecutive to the Oklahoma and South Carolina cases on the Alabama case, and five years concurrent to the Alabama case on the Florida case, a total of fifteen years. After imposition of these sentences, appellant was returned to the Oklahoma county jail to await transportation to the place of federal confinement. While appellant was still in the county jail it was discovered that he had never entered a plea

---

* Of the Fifth Circuit, sitting by designation.

1. Earlier attacks by appellant upon certain aspects of the validity of his confinement and sentences have been considered and rejected by this court. Owensby v. United States, 10 Cir., 353 F.2d 412, cert. denied, 383 U.S. 962, 86 S.Ct. 1234, 16 L.Ed.2d 305.

of guilty in the Oklahoma case although guilty pleas had been entered in each of the transfer cases. On October 28, 1966, appellant was returned to the sentencing court, withdrew a plea of not guilty in the Oklahoma case, entered a plea of guilty, and the record then reflects the following pertinent to the sentencing of appellant:

THE COURT: Very well, then it will be the judgment and order and sentence of the Court that Jerry Warren Owensby be committed to the custody of the Attorney General for a period of five years in [Oklahoma] case 63–154 * * *.

Now as to these other sentences, what day was it that they were made?

MR. DURLAND: The 25th, your Honor.

THE COURT: The Court will repeat those sentences that were made on the 25th and reenter those judgments as of today, the same as was done the other day, giving a total of fifteen years to Jerry Warren Owensby. * * *

We hold that appellant is manifestly correct in his contention that these sentencing procedures can reflect no more than the imposition of a total of ten years. On October 25, the court imposed valid sentences in each of the transfer cases and an invalid sentence in the Oklahoma case, it being indisputable that a sentence imposed before judgment is totally void. Sentences "anchored" to an invalid sentence are nonetheless valid and are to be considered as if no reference had been made to the invalid sentence. Appellant, pursuant to the compulsion of 18 U.S.C. § 3568, began service of the sentences in the transfer cases upon return to confinement after the October 25 sentencing. Consequently, on October 28, the court imposed one valid sentence (Oklahoma case) and three invalid sentences, it being again indisputable that a sentence once imposed and being served cannot be increased under Rule 35 or otherwise. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354. And the valid sentence imposed October 28 in the Oklahoma case, absent a specific provision to the contrary, is deemed to run concurrently with other sentences.

Citing this Court's decisions in James v. United States, 10 Cir., 348 F.2d 430, and Kahl v. United States, 10 Cir., 204 F.2d 864, the United States contends that the October 28 proceeding was a proper re-sentencing and constituted the only final judgment in the case. Neither of the cited cases support such a contention. In James, the main opinion holds that when a single sentence imposed is totally void a longer sentence may be entered on re-sentence. Such is not the case at bar, for here we are not concerned with but a single sentence but with four separate sentences only one of which was void and was neither increased nor decreased upon re-sentence. And in Kahl we held, quoting United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631, that "a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess, when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence." (204 F. 2d at 866). This case supports appellant, not the government.

Finally, the United States argues that the court intended to impose fifteen years, had the power to do so by consecutive sentences, and that the three-day period of time involved between sentences did not operate to affect the substantive rights of appellant. We disagree, of course, only with the last contention. The service of three days, if unlawful, is prejudicial.

Reversed with directions to correct the commitment accordingly.