Robert E. **BARNES**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 21581–21584.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 23, 1969.

Decided Oct. 24, 1969.

Petition for Rehearing Denied Jan. 30, 1970.

Fahy, Senior Circuit Judge, dissented in part.

---

---

Mr. Hugh A. M. Shafer, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. Clarence A. Jacobson, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty. at the time the brief was filed, Frank Q. Nebeker, Asst. U. S. Atty. at the time the brief was filed, and Harold J. Sullivan, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and WRIGHT * and TAMM, Circuit Judges.

PER CURIAM:

Appellant Barnes is presently incarcerated in a Maryland penitentiary serving a state sentence. In early 1965, Barnes was convicted on a federal indictment, Cr. No. 869–64, of housebreaking, grand larceny and assault. The sentencing judge imposed a sentence of five to 15 years to run concurrently with the Maryland sentence. This court reversed that conviction on grounds not relevant to the present appeal and remanded for a new trial.[1] On remand, appellant pleaded guilty to all charges in Cr. No. 869–64; at the same time he also entered guilty pleas to three other separate federal indictments. This time the District Court imposed sentences of five to 15 years on each of the four indictments (including Cr. No. 869–64)—the four sentences to run concurrently with each other, but *consecutive* to the Maryland jail term.

On this appeal, appellant challenges the constitutionality of the increased severity of the sentence imposed on Cr. No. 869–64 following his guilty plea on remand since the sentence now is consecutive to the state sentence instead of running concurrently with it.[2] We delayed decision of this appeal pending the Supreme Court's decisions in North Carolina v. Pearce[3] and Simpson v. Rice.[4]

■ In *Pearce* and *Rice* the Court held that when a criminal conviction is set aside on appeal and a new trial ordered, a harsher sentence may not be imposed upon conviction on retrial unless the increased severity is justified on the basis of "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding."[5] In this case, there was no such showing; in fact, appellant cooperated fully with the Government in breaking up a large burglary ring. Thus the change of the sentence on Cr. No. 869–64 from concurrent to consecutive was error in violation

---

* Circuit Judge Wright was drawn by lot to replace Circuit Judge Burger upon his elevation to the Supreme Court, and Judge Wright has considered this case on the briefs and tape recording.

1. Barnes v. United States, 124 U.S.App. D.C. 318, 365 F.2d 509 (1966).

2. In his brief, appellant states that he challenges the validity of the other three sentences as well, but his arguments and citations concern only the validity of the new sentence in Cr. No. 869–64. We therefore address ourselves only to appellant's challenge to that sentence. Appellant also raises several other points on appeal which we have carefully considered and find without merit.

3. 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969).

4. 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969).

5. 395 U.S. at 726, 89 S.Ct. at 2081.

of the due process clause, and that sentence must be revised.

Revision, however, presents problems. This court could simply order that the improperly increased federal sentence under Cr. No. 869-64 run concurrently with the state sentence. But for several reasons such action may delay the start of the three valid consecutive federal sentences imposed at the same time, thereby increasing those sentences.[6] First, although we are not in a position to make a definitive judgment on this point, we might prejudice appellant's chance for a Maryland parole if we now order the federal sentence in Cr. No. 869-64 to run concurrently with the Maryland sentence. Second, since state and federal parole decisions are made independently, if appellant were paroled from his Maryland sentence, there is no guarantee that federal authorities would also parole him from the 869-64 sentence. Under these circumstances, appellant might have to serve the time remaining on that sentence before the three consecutive federal sentences began to run. Finally, the record before us is unclear as to the length of the Maryland sentence and the date appellant began serving it. If, for any reason, the concurrent federal sentence in Cr. No. 869-64 expires later than the Maryland sentence, again the start of the three consecutive federal sentences may be delayed.

We are, of course, bound by the rule that a valid sentence once imposed and being served cannot be increased.[7] The three federal sentences other than the one based on Cr. No. 869-64 remain valid and are not affected by this appeal. Since the sentence to which they are "anchored"—the Maryland jail term—has begun to be served by appellant, the three valid consecutive federal sentences may not be increased. *See* Owensby v. United States, 10 Cir., 385 F.2d 58 (1967).[8] We therefore conclude that this case cannot be brought into harmony with *Pearce* simply by changing the sentence in Cr. No. 869-64 from one that is consecutive to the Maryland sentence to one that runs concurrently with it.

Under the circumstances, we believe that the appropriate disposition is to remand this case to the sentencing judge for resentencing in light of the relevant constitutional principles herein discussed.

Remanded for proceedings consistent with this opinion.

FAHY, Senior Circuit Judge (concurring in part, dissenting in part):

I concur in affirmance of the judgments of conviction in all four cases on appeal.[1] Each judgment was entered on a plea of guilty, and I find no basis upon which to invalidate either the pleas or the judgments of conviction entered thereon.

6. Consecutive sentences are increased if the date at which they are to start is delayed, even though the length of the sentence itself remains the same. *See* Owensby v. United States, 10 Cir., 385 F.2d 58 (1967).

7. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); United States v. Sacco, 2 Cir., 367 F.2d 368 (1966); Owensby v. United States, *supra* Note 6.

8. Deutschmann v. United States, 9 Cir., 254 F.2d 487, 490-491, *cert. denied*, 357 U.S. 928, 78 S.Ct. 1377, 2 L.Ed.2d 1374 (1958), holds that a consecutive sentence may be increased even though the sentence to which it is anchored has begun to be served. That case is clearly distinguishable from the present one since

the sentence increased there was completely invalid originally. But the *Deutschmann* court's stated position is, of course, directly contrary to *Owensby* and, we believe, unwise. The *Deutschmann* logic would allow a judge to increase a valid consecutive sentence long after it had been imposed. Apparently a prisoner would remain subject to the threat that his valid consecutive sentence could be increased until he had served all the prison terms to which the consecutive sentence was anchored. This, of course, would defeat all the policies behind the rule forbidding an increase in sentence after it has begun to be served. *See* Annot., 168 A.L.R. 706, 709 (1947).

1. I understand from footnote 2 of the majority opinion that the court affirms the judgments of conviction.

My disagreement is with the court's decision that the three federal sentences other than the one imposed in No. 869–64 remain valid as consecutive to the Maryland sentence,[2] notwithstanding its holding that such consecutiveness is not now possible in No. 869–64, with which the other sentences were to be concurrent.

Appellant originally was convicted and sentenced in No. 869–64 in February 1965 to five to fifteen years, to run concurrently with a Maryland term of imprisonment which the judge had been advised was for seventeen years. We reversed in No. 869–64 on May 27, 1966. Barnes v. United States, 124 U.S.App. D.C. 318, 365 F.2d 509. On December 16, 1966, Barnes was resentenced by a different judge on his pleas of guilty in that case and in the other three cases now on appeal. Before sentencing, the judge was advised by the Office of the United States Attorney that Barnes had begun to cooperate with the Government and with grand juries in the District of Columbia and Maryland. It was revealed that Barnes' assistance resulted in various police investigations, in the return of numerous indictments, in the initiation of others, and in the recovery of some $70,000 of stolen property. Bearing in mind these circumstances, the judge imposed an aggregate term of imprisonment in the four cases of five to fifteen years, stating:

> The Court will give you credit for entering your pleas of guilty and also for your cooperation with the Government. * * *

> These four sentences of five to fifteen years each to run concurrently with each other will run consecutive to the sentence imposed in the State of Maryland.

I agree with the court that under the decision of the Supreme Court in *Pearce*

and *Rice* the sentence in No. 869–64 could not thus be increased by being made consecutive to the Maryland sentence because such an enlargement, following the reversal of an earlier conviction, would amount to a penalty upon Barnes for having appealed. The court also holds, however, that the other three federal sentences remain valid as consecutive to the Maryland sentence. Yet it does not simply direct that the sentence in No. 869–64 revert to its original concurrent status, for fear that such a revision might delay the effectiveness, and thus invalidly enlarge, the other three sentences. Instead, the court remands for resentencing.[3]

The difficulties expressed by the court in its remand of No. 869–64 for resentencing are the product of its holding that the other three sentences continue to be valid as consecutive to the Maryland sentence. I experience no such difficulties as it is my opinion that all four federal sentences should remain concurrent with one another.

The Supreme Court declared in *Pearce* and *Rice* that,

> In order to assure the absence of [a vindictive] motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.

North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656. The record on these appeals fails to reveal any objective information concerning the conduct of the appellant occurring after the original sentencing which would justify an enlargement of that sentence. Accordingly that sentence must revert to its original status as concurrent with the Maryland sentence. On the other hand, the record clearly demonstrates that the trial judge intended to

---

2. Appellant has adequately challenged all four federal sentences. He did so in his *pro se* Motion to Vacate and Set Sentences Aside and later in his brief before this court. Moreover, whether a sentence is to begin after a long state sentence or concurrently therewith is such a substantial question that we would be obliged to consider it.

3. In remanding for resentencing the court does not appear to offer guidance to the District Court as to how to solve the problems it suggests.

give Barnes credit for his guilty pleas and cooperation with the Government when he made the three other federal sentences concurrent with No. 869–64. While I recognize the possibility that this intent might have been conditioned on the consecutiveness of all four sentences to the Maryland sentence, I see no reason to adopt that view, for no such condition was expressed, is required by law, or is warranted by the circumstances. In my view of the record the trial judge would have maintained the concurrency of the four sentences with each other had he decided that No. 869–64 should have remained concurrent rather than consecutive with the Maryland sentence.

By unifying as concurrent all four sentences their consecutiveness to the Maryland sentence, not merely that in No. 869–64, became subject to the constitutional objection enunciated in *Pearce* and *Rice*. The record supports the trial judge's conclusion that all four sentences should be treated similarly, and there is no explanation, as necessitated by *Pearce* and *Rice*, why not only the sentence in No. 869–64 but, by reason of their concurrency with it, the three other federal sentences were enlarged by being made consecutive. In disregarding the concurrency of the four sentences, and treating three of them as independent, the court denies the accused the protection required by *Pearce* and *Rice*. He is not given this protection when only one of the four sentences is prevented from being consecutive to the Maryland sentence; for this leaves the total term of confinement unaffected, with no explanation why the trial judge added the consecutiveness after the reversal of No. 869–64. Accordingly, the danger that the accused might have been penalized for having appealed, which in *Pearce* and *Rice* led to the decision there, attaches here to the four combined sentences.

I reach the same result by another route. *Pearce* and *Rice* disrupted the consecutiveness of the federal sentences, not their concurrency. Under that decision the sentence in No. 869–64 can no longer be consecutive to the Maryland

sentence, thus destroying the scheme of consecutiveness. The concurrent scheme, however, was unaffected by *Pearce* and *Rice* and I can see no justification for this court to disturb it.

In sum, Barnes should in my view serve five to fifteen years under the federal sentences, with credit for such time as he might serve in the Maryland case, and subject of course to such parole and other rights as he might have under federal statutes. This result is not only just, as consistent with the sentencing court's recognition of the mitigating circumstances which led him to combine into one the four federal sentences, but the only result which gives meaning to the *Pearce* and *Rice* decision as applied to these cases.