**UNITED STATES, Appellant,**

v.

**Earl L. ROBINSON, Appellee.**

**No. 12357.**

District of Columbia Court of Appeals.

Argued Jan. 11, 1978.

Decided June 12, 1978.

John H. Korns, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Charles F. Flynn, Asst. U. S. Attys., Washington, D.C., were on brief, for appellant.

Robert F. Muse, Public Defender Service, Washington, D.C., for appellee.

Silas J. Wasserstrom, Public Defender Service, Washington, D.C., also entered an appearance for appellee.

Before NEWMAN, Chief Judge, KERN and MACK, Associate Judges.

MACK, Associate Judge:

The government requests that we review an order of the Superior Court granting appellee's motion to correct sentence and directing, *nunc pro tunc*, that the sentence imposed run concurrently with a sentence previously imposed in an unrelated case. We agree that we have jurisdiction to hear this appeal from the granting of a motion pursuant to D.C.Code 1973, § 23–110 [1] and we affirm the order of the Superior Court.

On November 11, 1974, Judge James A. Washington sentenced appellee to a term of imprisonment of 3 to 9 years—noting at the time that the sentence was *not* to run concurrently with a sentence previously imposed by Judge Eugene N. Hamilton in an unrelated case. When appellee's counsel argued that the court's purpose would best be served by concurrent sentences, Judge Washington suggested that counsel move for modification, either to him or to Judge Hamilton. Immediately thereafter appellee was returned to the custody of the Attorney General.

Two days later, on November 13, 1974, appellee's counsel submitted a motion for reduction of sentence to Judge Washington, specifically requesting that his sentence be ordered to run concurrently with the prior sentence. On November 18, 1974, Judge Washington signed and dated an order granting appellee's motion. The order apparently remained in the court's chambers and was never entered on the court jacket, criminal docket book, or communicated to the parties.

On November 25, 1974, Judge Washington signed and dated another order— this time denying appellee's request for concurrent sentencing. This order was noted on the court jacket as "November 25, 1974, Order entered denying defendant's above-stated motion." An entry made on the criminal docket book reflected that on November 25, 1974, defendant's motion was denied.

On April 20, 1977, appellee filed a motion to correct sentence pursuant to D.C.Code 1973, § 23–110(a)(1), (4) alleging that the November 25th order constituted an illegal and unconstitutional increase in sentence in view of the fact that the November 18th order had provided for concurrent sentences. Chief Judge Harold H. Greene, after a hearing, agreed, and granted the motion. This appeal followed.

In this court, the government renews the argument made before Judge Greene. We are told that we do not have the issue of an increase before us and alternatively, even if we do, the increase is legal. Specifically, it is urged that Judge Washington's November 18th order granting the request for a concurrent sentence is a nullity and that, if not, he was nevertheless at liberty subsequently to increase the sentence because appellee had not been delivered into executive custody pursuant to the concurrent sentence.

---

1. At oral argument counsel agreed that appeal pursuant to § 23–110 is appropriate. This is consistent with federal law recognizing the right of the government to appeal in habeas corpus cases. *See* 28 U.S.C. § 2255 (1970); *United States v. Williamson*, 255 F.2d 512 (5th Cir. 1958).

■ Pointing to the fact that the November 18th order was not entered on the Clerk's records or communicated to the parties, the government argues that Judge Washington did not intend that his signature constitute a formal court action. As appellee suggests, the short answer to this is that Chief Judge Greene found that Judge Washington did so intend. Reading the specific direction of that signed and dated order, and noting that the defendant must be given the benefit of any doubt as to its meaning, Judge Greene noted that he had no basis whatever for concluding that the November 18th order was any less genuine than the November 25th order. Drawing upon his own experience in finalizing judicial orders, the Chief Judge noted that the government's challenge to the validity of this order was related to ministerial functions, not judicial functions. We believe Judge Greene's finding of validity is supported by the record and dispositive of this issue.

■ Having found the November 18th order to be valid, Judge Greene properly concluded that the November 25th order denying reduction of sentence was invalid as representing a constitutionally prohibited increase in sentence after service had commenced. "If appellant's first sentence was lawful a second sentence could not lawfully be imposed which increased it or made it more severe, once he had commenced serving confinement under it." *Tatum v. United States*, 114 U.S.App.D.C. 49, 50, 310 F.2d 854, 855 (1962). *Ex parte Lange*, 85 U.S. (18 Wall) 163, 21 L.Ed. 872 (1874). The government agrees that this is hornbook law. Both parties likewise agree that the "relevant touchstone in determining whether [a defendant] has commenced serving his sentence is whether he was delivered to executive custody for that purpose." *Green*

*v. United States*, D.C.App., 363 A.2d 979, 981 (1976).

■ The government does not challenge that appellee on November 11, began serving a 3 to 9 year consecutive sentence imposed by Judge Washington when he was returned to the custody of the Attorney General on that date.[2] *See Barnes v. United States*, 136 U.S.App.D.C. 171, 173 n. 8, 419 F.2d 753, 755 n. 8 (1969). Focusing instead on the court's November 18th order, it argues that even if that order is valid, appellee had not been delivered into custody "for that purpose," and therefore had not begun service of that sentence when the November 25th order was signed. The government turns for rationale to those cases upholding an increase in an inadvertently imposed sentence where the defendant was "still in the courthouse." *See Green v. United States, supra; Rowley v. Welch*, 72 App.D.C. 351, 114 F.2d 499 (1940); *United States v. DiLorenzo*, 429 F.2d 216 (2d Cir. 1970). *See also United States v. Matlock*, 491 F.2d 504 (6th Cir.), *cert. denied*, 419 U.S. 864, 95 S.Ct. 119, 42 L.Ed.2d 100 (1974), where the record suggested that the defendant, in jail, was not being held pursuant to the inadvertently imposed sentence but for another reason. Under these factual circumstances the courts have reasoned that the defendants had not been delivered into executive custody for the purpose of serving the inadvertently or nondeliberately imposed sentence.

The rationale of these decisions has no application here for the basic reason that the November 18th sentence was not an inadvertently imposed one. Chief Judge Greene's finding that this sentence was valid forecloses any argument in this court that Judge Washington did not intend to impose the sentence—certainly in the absence of evidence to the contrary. *Compare*

2. When consecutive sentences are imposed, a defendant begins service of both when he is placed in the custody of the executive. *See, e.g., Owensby v. United States*, 385 F.2d 58, 60 (10th Cir. 1967).

Chief Judge Greene reasoned in this regard: Suppose that this defendant was serving a fifteen to forty-five year sentence and he is convicted today of another crime-and he is given an additional five to fifteen years. Are you saying that, up until he has finished serving the original fifteen to forty-five, the judge can keep changing the sentence and increasing it?

*Borum v. United States*, 133 U.S.App.D.C. 147, 409 F.2d 433 (1967), where the appellate court held an increase invalid even where the sentencing judge stated that he had originally intended to impose the more severe sentence (*i. e.* by way of consecutive imposition). Moreover, in this case, appellee had been delivered to the Attorney General on November 11th to serve the 3 to 9 year sentence consecutively with another sentence; if the November 18th order (making the sentence concurrent) affected executive custody at all (and we do not think that it did) appellee had commenced serving that sentence at the latest on the day the order was signed.[3]

The order appealed from is

*Affirmed.*

---

3. Super.Ct.Cr.R. 43(c)(4) provides that a defendant need not be present at a reduction of sentence under Rule 35.