**Derron SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 07–CO–303.**

District of Columbia Court of Appeals.

Argued Oct. 21, 2009.
Decided Dec. 3, 2009.

---

Patrick T. Hand, Washington, DC, appointed by the court, for appellant.

Courtney Gilligan–Saleski, Assistant United States Attorney, with whom Jeffrey A. Taylor, United States Attorney at the time the brief was filed, and Roy W. McLeese III, Chrisellen R. Kolb, Amy Jeffress, and Justin Dillon, Assistant United

States Attorneys, were on the brief, for appellee.

Before WASHINGTON, Chief Judge, BLACKBURNE–RIGSBY, Associate Judge, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

Smith challenges his resentencing for manslaughter while armed as violative of the double jeopardy clause. Because we find the court increased Smith's sentence in which he had an expectation of finality, we remand with instructions to the court to reinstate the earlier sentence. In so doing, we recognize that the jurisprudential basis of our previous rulings construing Superior Court Rule of Criminal Procedure 35(b) as "jurisdictional" has been "substantially undermined" by subsequent cases of the Supreme Court, and we choose to hold as a matter of District of Columbia law that Rule 35(b) is a "claim-processing" rule, not a "jurisdictional" rule.

Smith pled guilty in September of 2000 to one count of manslaughter while armed; on February 2, 2001, he was sentenced to a term of no less than eight years and no more than twenty-four years, with credit for time served. He filed a motion to reduce his sentence pursuant to Superior Court Rule of Criminal Procedure 35 on June 4, 2001, barely within the 120–day time limit imposed by that rule. Super. Ct.Crim. R. 35(b). On May 7, 2004, Judge Canan reduced Smith's sentence by suspending all but eight years, in recognition of his assistance in criminal investigations.[1] That term of eight years was set to expire on April 27, 2007, with a five-year period of probation to follow.

On February 13, 2007, Smith appeared before Judge Canan and requested that he be released from his term of incarceration out of concern for his safety at the halfway house where he was then serving his sentence. The court reduced Smith's sentence to not less than seven years to not more than twenty-four years, with execution of the sentence suspended with respect to all but the seven years, and with credit for time served. The United States did not object on the grounds that Smith's motion to reduce his sentence exceeded the 120–day time limit imposed by Super. Ct.Crim. R. 35(b).

On February 15, 2007, Judge Canan called the parties back into court and informed them that because the 120–day time limit in Rule 35(b) had lapsed, the court "lacked jurisdiction" to reduce the defendant's sentence on February 13. The court stated, in relevant part:

> Well I was aware then, quite frankly, that the Court didn't have jurisdiction, that the 120 days under Rule 35 had long since lapsed, and there was just no authority to do it, but in application, I was just very concerned about his safety.... It wasn't a legal sentence. It wasn't a legal act that I did.... I'm going to have to vacate that [February 13] order, because I had no legal, it was an illegal act.

Because the court believed it lacked jurisdiction to render the February 13 sentence, over Smith's objection, it reimposed, the previous sentence of eight to twenty-four years with execution suspended with respect to all but eight years. Smith was returned to incarceration, albeit in a different facility, and served until April 27, 2007, when he began serving probation.

---

1. No party to this appeal has questioned whether the delay of thirty-five months from the filing of the motion to the decision there-on constitutes determining "the motion within a reasonable time" as required by the Rule. Super. Ct.Crim. R. 35(b).

Smith contends, and the United States agrees, that his double jeopardy rights were violated by the proceedings in the trial court on February 15, 2007, because the court increased Smith's February 13, 2007, sentence, in which Smith had a legitimate expectation of finality, after he began serving it.

■ The double jeopardy clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. CONST. amend. V, cl. 2. This court has applied that clause to cases like the present one, holding, "once a defendant begins serving a sentence, the sentence may not lawfully be increased." *(Calvin) Smith v. United States*, 687 A.2d 581, 583 (D.C.1996). However, this rule is not absolute. The court may correct an illegal sentence at any time to bring it into conformity with the law. *Id.* (citing Super. Ct.Crim. R. 35(a)). The "dispositive consideration" is whether the defendant had an "expectation of finality" in the previous sentence. *Id.*

■ The question is whether Smith had an expectation of finality in the February 13 sentence. Judge Canan's stated reason for rescinding the sentence reduction was that he did not have authority, under Super Ct. R.Crim. P. 35(b), to reduce the sentence in the first instance, because Smith's motion was made more than 120 days after the date of sentencing.[2] Judge Canan stated that "the Court didn't have jurisdiction ... there was just no authority to do it ... it was an illegal act." If the

judge were correct that under Rule 35(b) the court lacked jurisdiction to reduce the sentence on February 13, double jeopardy would not bar resentencing because Smith would have had no legitimate expectation of finality in the February 13 sentence. While one can still have an expectation of finality in a sentence predicated upon an erroneous interpretation of the law, *Boykins v. United States*, 856 A.2d 606, 609 (D.C.2004), one cannot have an expectation of finality where the court never had jurisdiction to render the sentence. *Lindsay v. United States*, 520 A.2d 1059, 1063 (D.C. 1987) (holding an illegal sentence creates "no vested rights protected by the double jeopardy clause").[3]

■ The question ultimately is whether Rule 35(b)'s 120–day time limit on motions to reduce a sentence is "jurisdictional" or whether it is a "claim-processing" rule. If the rule is "jurisdictional," its restrictions limit the cases properly before the court, regardless of whether the parties invoke it. "Claim-processing" rules, by contrast, are rules that "assure relief to a party properly raising them, but do not compel the same result if the party forfeits them." *Eberhart v. United States*, 546 U.S. 12, 19, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005). Here, the United States concedes that it did not raise an objection to the February 13 sentence on the grounds that it violated Rule 35(b)'s time limit. Thus, if Rule 35(b) is a claim-processing rule, the court had authority to grant the defen-

---

2. Superior Court Rule of Criminal Procedure 35(b) states, in relevant part:
   *"Reduction of sentence.* A motion to reduce a sentence may be made not later than 120 days after the sentence is imposed or probation is revoked.... The Court shall determine the motion within a reasonable time."

3. Smith's assertion that he would have a legitimate expectation of finality regardless of whether the court lacked jurisdiction to re-

duce his sentence under Rule 35 is misguided. He argues that since he had knowledge of the February 13 sentencing, he had an expectation of finality. The expectation of finality is measured objectively, not subjectively. *See, e.g., United States v. Robinson*, 388 A.2d 469, 471–72 (D.C.1978) (expectation of finality attached even though defendant did not personally know about the sentence).

dant's unopposed motion to reduce his sentence, and Smith would have had an expectation of finality in that reduction.

We have in the past classified Rule 35(b) as a "jurisdictional" rule. *See, e.g., Brown v. United States,* 795 A.2d 56, 62 n. 2 (D.C.2002); *Littlejohn v. United States,* 749 A.2d 1253, 1258 (D.C.2000). However, we are persuaded that the jurisprudential basis of those cases has been "substantially undermined" by subsequent decisions of the Supreme Court that frame rules like Rule 35(b), which are court-created and promote timeliness of motions, as claim-processing rules. *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971), does not oblige us to follow, inflexibly, a ruling whose jurisprudential basis has been "substantially undermined" by subsequent Supreme Court decisions. *Lee v. United States,* 668 A.2d 822, 828 (D.C.1995); *Frendak v. United States,* 408 A.2d 364, 379 n. 27 (D.C.1979).

In *Eberhart,* the Court analyzed Federal Rule of Criminal Procedure 33(b)(2), which requires that motions for a new trial grounded on any reason other than newly discovered evidence be filed within seven days after the verdict. The Court concluded that Federal Rule 35(b)(2) was a "claim-processing" rule, not meant to limit the jurisdiction of the courts but rather to encourage expediency through an emphatic time restriction. 546 U.S. at 19, 126 S.Ct. 403. The Court acknowledged that previous cases in which the Court had said that rules like Federal Rule 33(b)(2) were "mandatory and jurisdictional," *id.* at 17, 126 S.Ct. 403, had caused confusion among the lower courts. It stated that this language was only meant to "admonish the Government that failure to object to untimely submissions entails forfeiture of

that objection, and to admonish defendants that timeliness is of the essence. . . ." *Id.* at 18. In a later decision, the Court clarified that "time prescriptions, however emphatic, are not properly typed jurisdictional." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 510, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (internal citations and quotation marks omitted).

The Court further clarified the difference between rules that are "jurisdictional" and those that are "claim-processing" in *Bowles v. Russell,* 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). There the Court stated that "claim-processing" rules are "court-promulgated rules," "adopted by the Court for the orderly transaction of its business." 551 U.S. at 211, 127 S.Ct. 2360. Those kinds of rules are "not jurisdictional and can be relaxed by the Court in the exercise of its discretion. . . ." *Id.* at 211, 212, 127 S.Ct. 2360 (quoting *Schacht v. United States,* 398 U.S. 58, 64, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970)). By contrast, "jurisdictional" rules are those rules enacted by Congress, meant to be strictly imposed limits on the cases the courts may hear. *Bowles,* 551 U.S. at 212, 127 S.Ct. 2360. *Bowles* held that the deadline for filing an appeal under Federal Rule of Appellate Procedure 4(a)(6) was "jurisdictional," not "claim-processing," because it was enacted by Congress, in 28 U.S.C. § 2107(a).[4] *Id.*

*Eberhart* and *Bowles* were both construing Federal Rules, not District of Columbia Rules. However their reasoning applies to the rule in the present case. This court has often analyzed Superior Court Rules in light of federal courts' analysis of their federal analogues. *See, e.g., Diamen v. United States,* 725 A.2d 501, 506 (D.C. 1999) (analyzing Superior Court Rule 33 in

---

4. The Court also noted with approval that "time limits for filing a notice of appeal have been treated as jurisdictional in American law for well over a century." *Bowles v. Russell,* 551 U.S. 205, 209 n. 2, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).

light of federal court precedent construing Federal Rule 33). Superior Court Rule of Criminal Procedure 35, like all the Superior Court Rules, was enacted by the Board of Judges, not by Congress. It contains a timeliness requirement, designed by judges and "adopted by the [c]ourt for the orderly transaction of its business." *Bowles*, 551 U.S. at 211, 127 S.Ct. 2360. Superior Court Rule of Criminal Procedure 2 states: "These rules are intended to provide for the just determination of every criminal proceeding in the Superior Court of the District of Columbia. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." Super. Ct.Crim. R. 2.

Thus, *Eberhart* and *Bowles* "substantially undermine," *Lee*, 668 A.2d at 828, this court's prior reading of Rule 35(b) as "jurisdictional" and properly frame rules like Rule 35(b) as "claim-processing" rules. We choose to follow the rationale of *Eberhart* and *Bowles* as a matter of District of Columbia law.[5] The United States forfeited its right to object to the judge's February 13 resentencing on timeliness grounds, and the court had jurisdiction to relax its own rules and resentence Smith. This means Smith had a legally cognizable expectation of finality in the February 13 sentencing, rendering the February 15 resentencing unconstitutional.

Because the defendant's rights under the double jeopardy clause were violated, we remand the case to the Superior Court with instructions to vacate the February 15, 2007, sentence and reinstate, *nunc pro tunc*, the February 13, 2007, sentence.[6]

*So ordered.*

---

5. We have recently stated that a rule similar to Rule 35, Super. Ct.Crim. R. 33, was jurisdictional. *Dean v. United States*, 938 A.2d 751 (D.C.2007). However, we did not cite to any of the recent Supreme Court precedent in making our ruling, nor was the issue of "jurisdictional vs. claim-processing" directly before us, because the objection to the time-limit violation was preserved at trial, and thus there was no need to delineate between claim-processing and jurisdictional rules. There is a need in the present case.

6. We reject the request of the United States that we dismiss this case as moot since Smith has served more than the eight year "bottom end" of his sentence reimposed on February 15, 2007. *See United States v. Edwards*, 430 A.2d 1321 (D.C.1981) (en banc) ("capable of repetition, yet evading review"); *see also Lynch v. United States*, 557 A.2d 580, 582 (D.C.1989) (en banc) (declining as a matter of D.C. law to follow the "same parties" limitation on the doctrine of mootness announced in *Murphy v. Hunt*, 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)).