*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-CO-0783

DANA DIXON, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2015-CF2-008509)

(Hon. Juliet J. McKenna, Motion Judge)

(Submitted October 16, 2023                    Decided November 22, 2023)

*Adrian E. Madsen* was on the brief for appellant.

*Matthew M. Graves*, United States Attorney, and *Chrisellen R. Kolb*, *John P. Mannarino*, *Simran Dhillon* and *Chimnomnso N. Kalu*, Assistant United States Attorneys, were on the brief for appellee.

Before BECKWITH and ALIKHAN, *Associate Judges*, and THOMPSON, *Senior Judge*.

THOMPSON, *Senior Judge*: In November 2016, appellant Dana Dixon pled guilty to two counts of second-degree burglary, and the Superior Court sentenced him to consecutive terms of 36 months' imprisonment for each count, to be followed by supervised release. In July 2022, through counsel, appellant filed a Super. Ct. Crim. R. 35(b)(1) motion for reduction or amendment of his sentence.

In opposing the motion, the government argued primarily that it was procedurally barred because it was filed more than 120 days after the sentence was imposed. Agreeing with the government, the Superior Court denied the motion. Appellant now challenges that ruling, contending that the Rule 35(b)(1) 120-day limit is subject to equitable tolling or else is a "third kind of limitation," *Dolan v. United States*, 560 U.S. 605, 611 (2010), rather than a mandatory claim-processing rule, that left the trial court free to grant his motion. Unpersuaded by appellant's arguments, we affirm.

## I. Background

After appellant's June 29, 2015, indictment (on ten criminal counts related to a string of residential burglaries), he entered into an agreement with the government to plead guilty to two counts of burglary. At the time, he was serving sentences in Maryland for unrelated crimes, but on August 3, 2016, he was committed to the D.C. Jail pending disposition of his District of Columbia case. During the sentencing proceeding on November 16, 2016, the Superior Court judge (the Honorable Zoe Bush) explained to the parties, "[t]he [two 36-month] sentences are to run consecutive to any other sentence, consecutive to one another." Appellant's trial counsel stated, "he's going to serve the Maryland sentence, technically, first." The initial judgment and commitment order repeated that the sentences were "to be served consecutively to each other and any other

[s]entence of [i]ncarceration," but also stated that "the [s]entence is to com[m]ence as of 11/16/2016." The sentencing transcript shows that this language was added at the request of defense counsel, who asked the court to include it to ensure that appellant would get time-served credit for any travel delay in returning him to Maryland custody, which counsel explained "sometimes messes up the [time-served] calculation."

Following the sentencing hearing, the Bureau of Prisons (BOP) contacted Judge Bush's chambers and asked whether the clause "the [s]entence is to commence as of 11/16/2016" would make the District of Columbia sentence "run concurrent[ly]" with the Maryland sentence. Judge Bush scheduled a post-disposition status hearing so the BOP's inquiry could be addressed. At the hearing, held on March 3, 2017, appellant's counsel waived appellant's presence and also requested that the court make the two District of Columbia sentences concurrent to the Maryland sentence. Counsel explained that she wanted to ensure that appellant received credit toward the District of Columbia sentences for the time appellant had served in the Maryland facility in the event his Maryland conviction was vacated on appeal. The court did not grant the request for a sentence modification, but it issued an amended judgment and commitment order that removed the reference to the date the sentence was to begin. Thus, the amended judgment and commitment order states that appellant's sentences for the two burglary counts "are

to be served consecutively to each other and any other [s]entence of [i]ncarceration."

On February 7, 2022, appellant was transferred from the Maryland Department of Corrections into federal custody to begin serving his District of Columbia sentences. That month, appellant wrote to Judge Bush, asking for assistance in requesting that the BOP do a "sentence computation" and stating that the court had "started [appellant's] sentence] on th[e] day" of his guilty plea. In April 2022, appellant wrote a similar letter to Judge Juliet McKenna, who had assumed responsibility for the case, repeating that he was told by the judge at sentencing that his sentence was starting on that day and stating that he "thought [he] was going home on February the 7th 2022." Through counsel appointed by the court to advise and assist appellant in the matter, appellant filed his July 10, 2022, motion under Rule 35(b), requesting inter alia that the court suspend his sentence as to all but time served or modify his two District of Columbia sentences to run concurrently with each other. As noted above, the government opposed the motion, arguing that it was time-barred as it had been filed more than 120 days after the imposition of appellant's sentence. By order dated September 16, 2022, the trial court denied appellant's motion, relying on this court's holding in *Smith v. United States*, 984 A.2d 196 (D.C. 2009), that Rule 35(b) is a mandatory claim-

processing rule that must be enforced when timely invoked by the government (as it was here). This appeal followed.

## II. Discussion

The proper construction of court rules of procedure is a legal question that we review de novo. *See Jenkins v. United States*, 75 A.3d 174, 195 (D.C. 2013). Thus, we review de novo the Superior Court's determination that it was required to dismiss appellant's Rule 35(b) motion as time-barred.

In *Smith*, this court recognized that our precedent classifying Rule 35(b) as a jurisdictional rule had been "substantially undermined" by Supreme Court jurisprudence. 984 A.2d at 200. We held that Rule 35(b) is not a jurisdictional limitation on the Superior Court's authority to act, but rather a claim-processing rule. *Id.* at 201. Quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam), we recognized that "claim-processing rules [en]sure relief to a party properly raising them." *Id.* at 199. But we also said that such rules "can be relaxed by the [c]ourt in the exercise of its discretion." *Id.* at 200 (quoting *Schacht v. United States*, 398 U.S. 58, 64 (1970)).

In subsequent cases, we considered whether other claim-processing rules of this court and the Superior Court are subject to equitable tolling. In *Mathis v. District of Columbia Housing Authority*, 124 A.3d 1089, 1101-03 (D.C. 2015), we held that the D.C. App. R. 15 deadline for petitioning for a review of agency action

was equitably tolled where the agency in question had provided the petitioner ambiguous or misleading advice about the right to judicial review. Similarly, in *Brewer v. District of Columbia Office of Employee Appeals*, 163 A.3d 799, 803 (D.C. 2017), we held that a petition for review by the Superior Court could proceed where it was filed after the 30-day deadline of Super. Ct. Agency Rev. R. 1(a), but where the petitioner had been diligent in attempting to timely file the petition and the agency respondent had at least arguably waived the untimeliness of the petition.[1]

Both *Mathis* and *Brewer* were decided prior to the Supreme Court's decision in *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710 (2019).[2] There, the Supreme Court rejected the application of equitable tolling to Fed. R. Civ. Pro. 23(f) (establishing a time limit for appealing from an order granting or denying class-action certification). *Id.* at 713. The Court explained that "[w]hether a rule

---

[1] *But see Deloatch v. Sessoms-Deloatch*, 229 A.3d 486, 490 n.6, 491, 493 n.12 (D.C. 2020) (noting that this court has "taken a piecemeal approach to evaluating court-made rules in cases like *Smith* and *Mathis*" and that the Supreme Court had reserved the issue of whether mandatory claim-processing rules may be subject to equitable exceptions, but stating generally that "[w]hen a mandatory claim-processing rule is 'properly invoked' by a party, it 'must be enforced' by the court." (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 19 (2017)).

[2] We previously declined the opportunity to address the implications of *Nutraceutical Corp.* in *Accenture Sub, Inc. v. District of Columbia*, 283 A.3d 130, 136-37 (D.C. 2022) (holding instead that in any event equitable tolling would be inapplicable on the facts presented).

precludes equitable tolling turns . . . on whether the text of the rule leaves room for such flexibility." *Id.* at 714. The Court held that Rule 23(f) is not subject to equitable tolling because the text of the rule uses mandatory language and because other rules explicitly bar courts from excusing the deadline in Rule 23(f) for good cause. *Id.* at 715 ("Where the pertinent rule or rules invoked show a clear intent to preclude tolling, courts are without authority to make exceptions merely because a litigant appears to have been diligent, reasonably mistaken, or otherwise deserving."). We have no occasion here to revisit the rules at issue in *Mathis* and *Brewer*, but, following the lead of *Nutraceutical Corp.*, we now hold for the reasons that follow that the 120-day limit of Super. Ct. Crim. R. 35(b) is a mandatory claim-processing rule that is not subject to equitable tolling.

Our first step in considering whether Rule 35(b) is a mandatory claim-processing rule is to look at the Rule's text and its surrounding context to discern the drafter's intent. *See Nutraceutical Corp.*, 139 S. Ct. at 714. Rule 35(b)(1) states in full:

> A motion to reduce a sentence *may be made not later than 120 days after the sentence is imposed* or probation is revoked, or not later than 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or not later than 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court must decide a motion within a reasonable time.

Super. Ct. Crim. R. 35(b)(1) (emphasis added). The Supreme Court has treated language similar to the "may be made not later than" language of Rule 35(b)(1) as establishing an "unqualified bar" on procedural steps taken after the specified time. *See Merck & Co. v. Reynolds*, 559 U.S. 633, 650 (2010) (discussing the statute of repose established by 28 U.S.C. § 1658(b)(2), which states that certain private actions for violations of the securities laws "may be brought not later than" five years after the claimed violation). Thus, the 120-day limit described in Rule 35(b)(1) is properly treated as mandatory rather than permissive (notwithstanding use of the word "may"). Moreover, in contrast to Rule 35(b), Rule 35(a) permits a sentencing court to "correct an illegal sentence at any time," while restricting the correction of "a sentence imposed in an illegal manner" to the time constraints in subsection (b). Super. Ct. Crim. R. 35(a).

Perhaps the most compelling support for construing Rule 35(b)(1) as a mandatory claim-processing rule is found in Super. Ct. Crim. R. 45. Rule 45(b)(1) provides "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made." But Rule 45(b)(2) specifically creates an exception for Rule 35: "The court may not extend the time to take any action under Rule 35, except as stated in that rule." Super. Ct. Crim. R. 45(b)(2). The exception stated in Rule 45(b)(2) is analogous to the "express carveout" included in Fed. R. App. P. 26(b) and

discussed in *Nutraceutical Corp.*, regarding Rule 23(f). *See Nutraceutical Corp.*, 139 S. Ct. at 715. Fed. R. App. P. 26(b) provides that "[f]or good cause, the court may extend the time prescribed by these rules," but also states that "the court may not extend the time to file: (1) . . . a petition for permission to appeal." In light of the exception in Fed. R. App. P. 26(b)(1), the Supreme Court held that the 14-day deadline set by Rule 23(f) for filing a petition for permission to appeal a grant or denial of class certification "express[es] a clear intent to compel rigorous enforcement of Rule 23(f)'s deadline, even where good cause for equitable tolling might otherwise exist." *Id.* at 715. Thus, the Court held, Rule 23(f) is "not subject to equitable tolling," even where a petitioner has acted diligently. *Id.* at 714. Likewise, we hold, the 120-day limit of Rule 35(b) is an inflexible rule that is not subject to equitable tolling.[3]   As a mandatory claim-processing rule, it is

---

[3] Even if Rule 35(b) were subject to equitable tolling, it is far from clear that the court would have abused its discretion in concluding in this case that equity did not "compel[] such a result." *Mathis*, 124 A.3d at 1101. During the 2016 sentencing proceeding, the court specifically referred to the four years appellant had left on his Maryland sentence and said it would require appellant to pay court costs by November 2027. The court observed that this would afford appellant a year to do so after being released from his two 36-month sentences, thus implying that 2026 – after four years of the Maryland sentence and a total of 72 months for the District of Columbia sentences – was the year when appellant would complete his sentences.

We note, moreover, that appellant told the court in his letters that he thought he would go home when he was released from Maryland custody in February 2022. Even counting from the August 2016 date when appellant was brought to

"unalterable if properly raised by an opposing party." *Nutraceutical Corp.*, 139 S. Ct. at 714 (internal quotation marks omitted).

Appellant argues in the alternative that Rule 35(b) is a "third kind" of limitation such as the Supreme Court described in *Dolan*, one that is "legally enforceable but does not deprive a judge or other public official the power to take the action to which the deadline applies if the deadline is missed." 560 U.S. at 611. *Dolan* concerned the Mandatory Victims Restitution Act, which provided that the final determination of a victim's losses was to be made no more than 90 days after sentencing. *Id.* at 613. At Dolan's sentencing hearing, the district court acknowledged that restitution was required but left the matter open pending receipt of additional information as to the appropriate amount. *Id.* at 608. Thereafter, the district court did not enter the restitution order until after expiration of the 90-day deadline. *Id.* at 609. The Supreme Court held that a sentencing court that misses the deadline nonetheless retains the power to order restitution, at least where it makes clear prior to the deadline's expiration that it will order restitution at some point in the future. *Id.* at 608. The Court reasoned that the Restitution Act did not

---

the D.C. Jail to be held pending trial in the District, February 2022 was months short of the 72 months' imprisonment appellant was required to serve for his burglary convictions. His July 2022 Rule 35(b) motion was actually (and explicitly) a motion for a reduction of his sentences to time served, not a motion premised on a miscommunication or misunderstanding about whether his District and Maryland sentences were to run concurrently.

specify a consequence for noncompliance with the timing provisions and that denying a victim restitution because of a missed hearing deadline would defeat the purpose of the Act to assure that crime victims receive full restitution. *Id.* at 611, 615.

As far as we have been able to determine, every appellate court that has applied *Dolan* has done so in the context of a court's or agency decisionmaker's failure to meet a deadline imposed on it by statute or court rule.[4] *See, e.g.*, *Jacobs Project Mgmt. Co. v. U.S. Dep't of Interior*, 64 F.4th 123, 127, 130 (3d Cir. 2023) (citing *Dolan* and holding that the Department of the Interior retained jurisdiction to issue a disputed order even after the statutory 180-day investigative deadline in 41 U.S.C. § 4712 had passed); *Transp. Div. of the Int'l Ass'n of Sheet Metal, Air, Rail & Transp. Workers v. Fed. Ry. Admin.*, 10 F.4th 869, 873-74 (D.C. Cir. 2021) (citing *Dolan* and holding that although the relevant statute used language suggesting the deadline for agency action was mandatory, the agency's failure to satisfy a timing requirement did not require vacating its rule); *United States v. Williams*, 720 F.3d 674, 700-02 (8th Cir. 2013) (citing *Dolan* and reasoning that precluding forfeiture because of the district court's failure to meet a

---

[4] As one district court put it, "[i]n *Dolan*, . . . the issue was not whether one of the parties had waived a claim but rather what consequences resulted from the court's untimely scheduling of a mandatory hearing." *United States v. DeCicco*, 439 F. Supp. 3d 1, 4 (D. Mass. 2020).

deadline imposed by Fed. R. Crim. Pro. 32.2 could hurt the individuals forfeiture was intended to benefit); *Solis-Chavez v. Holder*, 662 F.3d 462, 464 (7th Cir. 2011) (citing *Dolan* and holding that although the district court entered its judicial recommendation against deportation ("JRAD") about a month outside the 30-day post-sentencing window, the record confirmed that the judge had unequivocally indicated her intent to retain jurisdiction for the express purpose of considering a JRAD, so the recommendation was valid); *United States v. Martin*, 662 F.3d 301, 309-10 (4th Cir. 2011) (citing *Dolan* and declining to vacate the district court's "tardy forfeiture orders" because the relevant version of Fed. R. Crim. Pro. 32.2(b)(3) established merely a time-related directive).

By contrast, appellant's filing of his Rule 35(b) motion beyond the 120-day deadline does not raise the question of the court's power to act when the court has missed a deadline. For that reason, *Dolan* is not apposite. The government is correct that *Dolan* "did not disturb the Supreme Court's prior holdings concerning [mandatory] claim-processing rules."

## III. Conclusion

We affirm the trial court's denial of appellant's Rule 35(b) motion as time barred. Rule 35(b) is a mandatory claim-processing rule. Therefore, as the government objected to the motion as untimely, the trial court did not err in denying the motion as procedurally barred.

*So ordered.*